PETER BRENNAN v. WILLIAM A. C. MILLER ET AL.

*Mechanic's lien—Statement of demand—Excessive claim.*

1. Lien laws are recognized as harsh remedies, and when parties are required to file "just and true statements of the demand, over and above all legal set-offs," equity will treat as insufficient a statement which is largely excessive.[1]

2. Claimants under the lien law are not permitted to include speculative items in their claims, thereby incumbering the lands of others with untrue and unjust claims, and, as the means of information is within their reach, they are held to a degree of accuracy greater than may be necessary in mere actions upon demands; citing Jones, Liens, § 1408; *Gibbs v. Hanchette,* 90 Mich. 657.

---

[1] See *Lamont v. Le Fevre,* 96 Mich. 177.

Appeal from Wayne.  (Reilly, J.)  Argued June 13 and 14, 1893.  Decided October 13, 1893.

Bill to enforce a mechanic's lien.  Complainant, and defendants Miller and Chamberlain, appeal.  Decree affirmed. The facts are stated in the opinion.

*John Ward,* for complainant.

*Harlow P. Davock,* for appellant Miller.

*Haug & Yerkes,* for appellant Chamberlain.

*Frederick T. Sibley* (*James C. Smith, Jr.,* of counsel), for defendant McDermott.

*H. E. Spalding,* for defendants Hubbard, Hanes, and Hanes & Co.

*Charles K. Latham,* for defendant Dodds.

HOOKER, C. J.  Complainant filed a bill to enforce a mechanic's lien.  Among the defendants were two, Miller and Chamberlain, who claimed liens upon the same premises, and who filed cross-bills.  The court dismissed complainant's bill upon the ground that the complainant did not show that there was anything due or to become due from White, the owner of the premises, to Brown, the person with whom complainant contracted.  Chamberlain's cross-bill was dismissed upon the grounds (1) that he had filed an excessive claim of lien, and (2) a waiver.  Miller's cross-bill was dismissed upon the ground that there was no competent evidence to sustain it.

Complainant's counsel admits in his brief that the relations between Brown and White are not clear.  The evidence indicates that White was building the houses.  Most contracts are shown to have been made with him.  Brown seems to have had something to do with the matter, but beyond the fact that White gave him a mortgage on the place, which he in turn assigned to Restrick for materials,

furnished and charged to Ira White (some of which were ordered by Brown), and the further fact that Brown signed the agreement for the plastering, which is the basis of complainant's claim, and a willingness on the part of White and Brown to have him paid from the money borrowed by White of Dodds and Harvey, our attention is called to no evidence tending to show that White had ever let a contract to Brown, as alleged in complainant's bill. If we should assume that he did, there is nothing to show whether he was paid or not.

Again, by complainant's own showing he was to receive from Brown $450 when the brown coat was on, and $450 when the job was finished. Complainant never finished the job, but filed his lien for $550. This was more than he was entitled to, and invalidated his proceeding. See *Gibbs v. Hanchette*, 90 Mich. 657.

Again, the claim of lien filed does not conform to the requirements of the law in stating the amount due. It states that $550 is due and to become due when the work shall be completed. If we take it to mean that $550 was due, it was excessive by $100, besides a set-off for lath of $100. If it means that $550 above set-off had been earned, which may have been true, it was faulty in not showing how much was actually due, which would have been but $350, after deducting the set-off.

The claims of Chamberlain and Miller are also unsatisfactory. Miller produces no evidence of any contract with White or Brown. He says he checked certain items from his books which went to the east row of houses. All he knows about such materials being ordered he gets from his order book, and he does not show that they were ordered by White. He examined the houses, and saw such materials in them, but admits that they might have come from elsewhere. He produces a bill for $294.19, as follows:

"DETROIT, MICH., September, 1890.
"Sold to Lewis Brown for the Ira White east row of houses on Baltimore avenue. [Here follow items and amount, $294.19.] "

This indicates that it was charged to Brown, and, if it was contracted by him as subcontractor, what was said about complainant's claim is equally true of this, so far as White's indebtedness to Brown is concerned. An order given by White to Miller, and accepted by Harvey and Dodds, for $1,500, was introduced, but it expressly stated that it was to be paid out of moneys to be advanced by Dodds and Harvey on other lots. It affords no evidence that anything was due and owing upon these premises, or that material was furnished for them. We think the trial judge justified in finding that the evidence was insufficient to prove that the material went upon the premises in controversy, and he might have added that it did not appear that material was furnished under a contract with or upon request of White, as alleged, or anybody else.

Defendant Chamberlain's testimony more clearly shows that he furnished materials for the buildings, but it is open to the objection that items amounting to upwards of $50 were included which were not legitimate charges against these houses. The force of this cannot be avoided by saying that credits, if applied to these items, would leave the sum claimed against these houses. Doubtless credits might have been applied where the parties chose, but if, as contended, they be applied to the oldest indebtedness, it leaves these charges unpaid, and necessarily included to make the sum claimed.

Lien laws are recognized as harsh remedies, and when, as by our statute, parties are required to file "just and true statements of the demand, over and above all legal set-offs," equity treats as insufficient a statement which is largely excessive. Parties are not permitted to include speculative

items in their claims, thereby incumbering the lands of others with untrue and unjust claims; and, as the means. of information is within their reach, they are held to a degree of accuracy greater than may be necessary in merc- actions upon demands. Jones, Liens, § 1408; *Gibbs v. Hanchette*, 90 Mich. 657.

The decree of the circuit court in chancery should be affirmed, with costs.

McGRATH, LONG, and GRANT, JJ., concurred. MONT- GOMERY, J., did not sit.