ALBERT LEA COLLEGE v. H. N. BROWN and Others.[1]

February 13, 1903.

Nos. 13,279—(218).

**Promissory Note—Gift—Consideration.**

B. in his lifetime made and delivered to plaintiff, an incorporated charitable educational institution, dependent for the most part upon voluntary contributions for its support (formed under G. S. 1894, c. 34, tit. 3), his promissory note, by which he promised to pay it the sum of $2,500 at a future date; the same to form, by itself, or with other like contributions, a permanent endowment fund for the college. Before it became due, B. died. Plaintiff, through its board of directors, by resolution, accepted the donation before the death of B.; and in reliance thereon, and upon other like donations, continued its work, when without the same it would have been necessary to suspend, and abandon the purposes for which it was incorporated. It was induced thereby to incur debts and obligations, and to solicit subscriptions from others, all of which was known to B. *Held*, that the promise was sufficiently supported by a consideration, was not revoked by the death of B., and is valid and enforceable against his estate.

Action in the district court for Freeborn county against the administrator and heirs at law of Horatio N. Brown, deceased, to recover from the estate $2,500, and interest, upon a promissory note of deceased. The case was tried before Kingsley, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendants appealed. Affirmed.

[1] Reported in 93 N. W. 672.

*Morgan & Meighen*, for appellants.

The instrument in question was a complete and independent offer to make a gift and could not be enlarged or extended by any act of the plaintiff. It was subject to withdrawal or revocation at any time until executed, and could only be executed by payment, or some act of the donor in furtherance or execution of the gift; and it was completely annulled and revoked by the death of the donor before the time fixed for fulfilment. The resolution of thanks and acceptance added nothing to its force or validity and merely signified a willingness to accept the money when tendered and for the purposes specified. Fink v. Cox, 18 Johns. 146; Schoonmaker v. Roosa, 17 Johns. 301; Pearson v. Pearson, 7 Johns. 26; Noble v. Smith, 2 Johns. 52; Second National v. Williams, 13 Mich. 282; Simpson v. Tuttle, 71 Iowa, 596; Beatty v. Western College, 177 Ill. 280; Pratt v. Trustees, 93 Ill. 475; Beach v. First Methodist, 96 Ill. 177; Hudson v. Green Hill, 113 Ill. 618; Wesleyan v. Fisher, 4 Mich. 515; Trustees v. Cowls, 6 Pick. (Mass.) 427; Roberts v. Cobb, 103 N. Y. 600; Johnston v. Wabash, 2 Ind. 555; Roche v. Roanoke, 56 Ind. 198; Simpson v. Bryan, 50 Iowa, 293; Vierling v. Horton, 27 Ill. App. 263; Pryor v. Cain, 25 Ill. 292; Cottage v. Kendall, 121 Mass. 528; School v. Sheidley, 138 Mo. 672; Brooks v. Owen, 112 Mo. 251; Koch v. Lay, 38 Mo. 147; Steele v. Steele, 75 Md. 477; University v. Livingston, 57 Iowa, 307; Trustees v. Garvey, 53 Ill. 401; Pitt v. Gentle, 49 Mo. 74; Richelieu v. International, 140 Ill. 248; Pope v. Dodson, 58 Ill. 360; Blanchard v. Williamson, 70 Ill. 647; McClure v. Wilson, 43 Ill. 356, and cases there cited; Trustees v. Carter, 72 Ill. 247.

The promissory note of a donor, as a gift, is a mere naked revocable promise, without a sufficient valid consideration, and creates no obligation on the part of the maker or his representatives. Hall v. Howard, Rice Law (So. C.) 310; Simmons v. Cincinnati, 31 Oh. St. 457; Flint v. Pattee, 33 N. H. 520; Parish v. Stone, 14 Pick. (Mass.) 198; Holley v. Adams, 16 Vt. 206; Shaw v. Camp, 160 Ill. 425; Williams v. Forbes, 114 Ill. 167; Richardson v. Richardson, 148 Ill. 563; Graves v. Safford, 41 Ill. App. 659; Sanborn v. Sanborn, 65 N. H. 172; Holmes v. Roper, 141 N. Y. 64; 14 Am. & Eng. Enc. (2d Ed.) 1016, 1017, 1030, notes and cases; Tracy v.

Alvord, 118 Cal. 654; Raymond v. Sellick, 10 Conn. 480; Carr v. Silloway, 111 Mass. 24; Thresher v. Dyer, 69 Conn. 404; Curry v. Powers, 70 N. Y. 212; Cloyes v. Cloyes, 36 Hun, 145; Smith v. Kittridge, 21 Vt. 238; Murphy v. Bordwell, 83 Minn. 54; Voorhees v. Combs, 33 N. J. L. 494; Gammon v. Robbins, 128 Ind. 85; Egerton v. Egerton, 17 N. J. Eq. 419; Gano v. Fisk, 43 Oh. St. 462; Penfield v. Thayer, 2 E. D. Smith, 305; Rice v. Rice, 68 Ala. 216; 1 Parsons, Cont. (7th Ed.) *454.

*H. C. Carlson,* for respondent.

BROWN, J.

Action to recover against the estate of Horatio D. Brown, deceased, the amount of a promissory note by him delivered to plaintiff in his lifetime, by which he promised to pay plaintiff the sum of $2,500 for the purposes and upon the terms and conditions therein specified. Plaintiff had judgment in the court below, and defendants, heirs of the deceased, appealed from an order denying their motion for a new trial.

The facts are as follows: Plaintiff, Albert Lea College, is a corporation formed January 13, 1881, under and pursuant to G. S. 1894, c. 34, tit. 3, for the purpose of conducting a college for the education of young women, with power to establish and conduct a preparatory or academical department, on principles in sympathy with the religious teachings of the Presbyterian Church. Soon after its incorporation it acquired suitable buildings and other property for its accommodation, and has ever since carried on and conducted the college in all respects as required by law and its articles of association. It is charitable in its nature, and not conducted for a pecuniary profit to its members. The government of its affairs has been at all times vested in a board of trustees, one of whom, from the organization of the college until his death, was decedent, Brown, whose efforts in its support, pecuniary, and otherwise, from the time of its formation, were of substantial benefit, and contributed much to its success. On May 23, 1901, he executed and delivered to its trustees a promissory note, in form and effect, though not negotiable, in the following language:

"On or before one year from date, for value rec'd, I promise to

pay to the Albert Lea College twenty-five hundred dollars, to be used as an endowment,—either as a separate endowment, or toward a larger one. The income to be used as directed by the board of trustees. This does not draw interest either before or after date."

Thereafter, on June 12 following the delivery of the note, the board of trustees accepted the same, and, to that end, duly adopted a resolution in the following language:

"Resolved, that the board of trustees hereby accept the donation of Hon. H. D. Brown of the sum of $2,500 towards an endowment for Albert Lea College, and the board hereby extends to Mr. Brown its hearty thanks for this manifestation of his generosity, which, in connection with his many previous contributions of time, money, and effort, will make possible a future for Albert Lea."

Decedent was duly notified of the acceptance by a copy of the resolution being transmitted to him. On August 3, 1901, subsequent to the delivery of the note and its acceptance by the plaintiff, Brown died, but prior thereto no part of the note had ever been paid; it was not yet due; and the trustees presented the same to the probate court having jurisdiction of the administration of his estate for allowance. From the decision of that court an appeal was taken to the district court, where, after trial without a jury, plaintiff had judgment.

The trial court found, among other matters of fact, that, in addition to the sums of money received from tuition from time to time, it has always been necessary to meet the expenses of the college, to a large degree, by voluntary donations from persons charitably disposed, who were interested in the perpetuation of the college and the accomplishment of its objects, without which it would have been obliged to abandon the purposes for which it was incorporated; that on May 23, 1901, the trustees deemed it necessary, for the relief of the college from financial embarrassment, and for its continued existence, to authorize the solicitation of money for the purpose of paying outstanding indebtedness, and of establishing a permanent endowment fund for the college; that decedent, being a member of the board of trustees, and an active supporter of the college, was familiar with its condition, and with the purposes of the board in soliciting such subscriptions, and, to

aid and assist this object, delivered to them the note in question. The court further found that if the said Brown and others had not contributed to the support of the college, either toward an endowment fund, or for the payment of its debts, it would have been necessary for the college to have suspended its work, and to have abandoned the objects for which it was incorporated, all of which was known to Brown at the time he made and delivered the note in question; that, relying upon this subscription, the trustees were encouraged to continue, and have since then continued, the work of the college, solicited other subscriptions, and expended money received therefrom in the payment of teachers' wages and other expenses of the institution. Upon these facts the court below ordered judgment for plaintiff.

Three questions are presented to this court:

1. Whether certain evidence offered by plaintiff for the purpose of showing a consideration for the execution of the note was competent and admissible.

2. Whether the findings of the trial court in the respects just referred to are sustained by the evidence; and

3. Whether upon the whole record, the note upon which the action is founded was a valid and binding obligation.

1. At the trial plaintiff offered certain testimony upon which it relied to establish a consideration for the note. This testimony tended to show that decedent was a trustee of the college; was familiar with its financial condition, and its inability to continue in its objects without voluntary contributions; that without such contributions it would have been necessary to suspend; and that the trustees relied upon this and other like contributions in the further prosecution of the work of the college. Defendants assign the admission of this evidence, which was properly objected to on the trial, as error. Whether this error is well assigned will depend, to a certain extent, upon the legal principles applicable to executory agreements of this character, which will be considered in connection with the third question. It may be observed, however, in passing, that, generally speaking, evidence to show the actual consideration of a written contract, when the writing does not fully and distinctly express it, is always admissible. The note

given by Brown does not express the consideration of his agreement to pay the college the amount of money there mentioned, any further than the words "for value rec'd" may be said to disclose it; and it was clearly competent, in view of the fact that the principal question in the case was whether a consideration was received for the note, to offer any evidence which would tend to prove that fact. Bolles v. Sachs, 37 Minn. 315, 33 N. W. 862; Keuka v. Ray, 167 N. Y. 96, 60 N. E. 325; 6 Am. & Eng. Enc. (2d Ed.) 765.

2. As the second proposition, namely, that the findings of the trial court are not sustained by the evidence, we have only to say that the record has been very carefully examined, and, though the evidence is not so clear and specific in some respects as might be desired, we regard it as sufficient to sustain them. And we pass to the principal question,—whether, upon the facts as found, in the light of the evidence as it appears in the record, the note in question is valid and enforceable against the estate of decedent. It was a promise to donate or give the amount stated in the note at a future day, but before the time for its performance the promisor died, and the question presented is whether his death revoked the promise. The contention of appellant is that the note was a complete and independent offer to make a gift, and could not be enlarged or extended by any act of the plaintiff, by resolution of acceptance or otherwise; that it was subject to withdrawal or revocation at any time until executed, and could only be executed by payment, or by some act of the donor in furtherance or execution of the gift; and that it was completely annulled and revoked by the death of the donor before the time fixed for its fulfilment.

3. The question as to the validity of executory agreements or contracts of the character of that here involved has often been before the courts, from the earliest period of reported cases to the present time. In the earlier cases such agreements were almost uniformly held invalid, for want of a sufficient consideration to support them. They were treated as mere naked promises of a future gift, and subject to revocation either by refusal to perform, or by the death of the promisor. But by some of the later authori-

88 M.—34

ties a very different view has been taken, and such contracts have been sustained upon broad and substantial grounds.

Several distinct phases of the question are presented by the authorities, which are summed up in a note to Cottage v. Kendall, 121 Mass. 528, 16 Am. Law Reg. (N. S.) 548.

In most of the earlier reported cases such promises were held void for want of a consideration,—i. e., a pecuniary consideration moving to the promisor,—and this without regard to whether the promisee had expended money or incurred liabilities in reliance upon the promise. It is held in other cases that, where several persons sign a subscription paper by which they agree to pay a specified amount for a common public purpose, the promise of each is a consideration for the promise of the others, and the payee may enforce the promise against each and all. This class of cases can have no application to that at bar, for here the promise was by Brown alone, and was not induced by, nor dependent upon, the promise of any other person or persons. Still another class of cases, to which this case may properly be said to belong, hold that, though no consideration passed to the promisor at the time of his promise, yet if, relying thereon, the promisee incurred liabilities or expended money in furtherance of the purposes of the subscription, or assumed and became responsible for the performance of the conditions imposed by the donor, the promise is valid and enforceable. The liabilities incurred in reliance upon the promise, and the obligations assumed by its acceptance, are treated as a sufficient consideration to support the contract. The cases we have referred to involve donations or subscriptions to charitable, religious, or educational institutions, and disclose a very decided conflict of authority upon the question. They are cited in the note to Cottage v. Kendall, supra.

One of the first cases to depart from the earlier decisions, which held strictly to the necessity of a pecuniary consideration moving to the promisor, is Collier v. Baptist, 8 B. Mon. 68. In that case a promissory note was given, whereby the maker promised and agreed to pay the Kentucky Baptist Educational Society the sum of $250, to further the interests and aid in the payment of the expenses of its management. The maker refused to pay the note

when due, and an action was brought against him to recover there-
on. There was no pecuniary consideration moving to him, nor
does it appear that the society to which it was given ever incurred
any debts or obligations upon the strength of it; but the court
held the maker of the note liable, on the ground that as the char-
ter of the society authorized it to accept and receive such dona-
tions and gifts, and it was required, under the law, to carry out
the directions of donors, a sufficient consideration was shown.

A well-considered case (also a departure from the old rule) is
Trustees v. Nelson, 24 Vt. 189. In that case defendant, with
others, signed a subscription paper, thereby promising to pay to
the trustees of the academy the sum of $100 for the purpose of
enabling them to pay its debts, provided the sum of $20,000 was
subscribed for the same purpose by a certain date. This amount
was fully subscribed. Defendant paid one-half of his subscription,
but refused to pay the balance. The court held that the obliga-
tions imposed upon and assumed by the trustees of the academy to
make application of the money as directed by the subscribers to
the fund so consummated the contract that defendant could not
avoid payment on the ground that there was no consideration for
his promise, and that, whether the relation each subscriber bore
to the other, or the relation each bore to the academy itself, be
considered, defendant was estopped from denying the obligation
of the contract. It will be observed in that case that the execu-
tory promise of defendant was for the purpose of raising a fund
to discharge a past-due indebtedness of the academy, and nothing
appears to have been done by the officers in reliance on the
promise.

In the case of Trustees v. Cowls, 6 Pick. 427, the court held a
promissory note by defendant, by which he agreed to pay plaintiff,
an educational institution, a sum of money to further its objects
and purposes,—viz., to educate indigent young men of promising
talents and hopeful piety,—valid and enforceable. though it does
not appear that any particular obligations were contracted by the
officers of the institution on the faith of the promise. The court
said: "Was there a consideration for this note?    *    *    * In one
sense, there was not,—that is, the promisor had received nothing

at the time from the payees, which was of a pecuniary value; but it is quite sufficient to create a consideration that the other party, the payee, should have assumed an obligation in consequence of receiving the note, which he was compellable, either at law or equity, to perform, unless the promisor should be able to show, when sued, that the payee had refused, or was unable, or had unreasonably neglected to perform the engagement on his part, in which cases a defense might be raised on the ground of a failure of consideration."

The case of Irwin v. Lombard, 56 Oh. St. 9, 46 N. E. 63, sustains the validity of an executory agreement similar to that involved in the case at bar. The court there said, in part: "The general course of decisions is favorable to the binding obligation of such promises. They have been influenced not only by such reasons as those already stated, but in some cases, at least, by state policy, as indicated by constitutional and statutory provisions. The policy of this state, as so indicated, is promotive of education, religion, and philanthropy. In addition to the declarations of the constitution upon the subject, the policy of the state is indicated by numerous legislative enactments providing for the incorporation of colleges, churches, and other institutions of philanthropy, which are intended to be perpetual, and which, not only for their establishment, but for their perpetual maintenance, are authorized to receive contributions from those who are in sympathy with their purposes and methods,—the only source from which, in view of their nature, their support can be derived. Looking to the plainly declared purpose of the law-making department, promises made with a view to discharging the debts of such institutions, to providing the means for the employment of teachers, to establishing endowment funds to give them greater stability and efficiency, and whatever may be necessary or helpful to accomplish their purposes or secure their permanency, must be held valid. A view which omits considerations of this character is too narrow to be technically correct. It is not contemplated by the parties, nor is it required by the law, that in cases of this character the institution shall have done a particular thing in reliance upon a particular promise. * * * All promisors understand that the proceeds of their

promises will be mingled with prior and subsequent donations, and together constitute the financial support of the enterprise." And the accomplishment of the purposes of the enterprise, and the binding obligation to devote contributions to the purposes intended by the donors, was held a sufficient consideration to support the promise.

Some of the cases go so far as to spell out a consideration by implication. Trustees v. Haskell, 73 Me. 140. In that case the promised gift or donation was for the purpose of aiding in the erection of a school building, and the promisor died before the time for its performance. His executors defended in an action to recover upon his promise, upon the ground that it was without consideration and void. But the court held that as the trustees of the donee had accepted the donation, and entered upon the work of constructing the building, there was a sufficient consideration, and the estate was held liable. The court said:

"It is true no consideration was actually received [by the donor], but one is plainly implied, if not expressed, from the language used. The promise was of money for a specified purpose, to make up a building fund for said institution. * * * It is not, of course, binding upon the promisor until accepted by the promisee, and may, up to that time, be considered as a revocable promise. But when so accepted, and much more so when the execution of the trust has been entered upon,—when money has been expended in carrying out the purpose contemplated,—it becomes a completed contract, binding upon both parties; the promise to pay, and at least the implied promise to execute, each being a consideration for the other."

Many of the authorities cited by appellants sustain and support their position, but we prefer not to follow them. They apply with too much strictness the general principles of law applicable to ordinary contracts,—usual and everyday business transactions,— where a substantial pecuniary consideration or benefit to each of the parties is the object they have in view in entering into contracts. A legal consideration does not necessarily mean a pecuniary gain, and it is not essential to the validity of a contract that a benefit or gain of such a nature move to the person assuming an

obligation. It is sufficient if any advantage or benefit result to him, or any detriment or injury to the other party, by his failure to keep his agreement. 6 Am. & Eng. Enc. (2d Ed.) 677, et seq.

In the case at bar the trustees, upon the delivery of the note to them, expressly accepted the same, and thereby assumed the obligations imposed by the terms of the promise; and upon the strength of this promise, and others, were enabled to continue the purposes of the college, when, without it, it would have been necessary that they suspend operations and dissolve the corporation. As already stated, plaintiff was incorporated as an educational institution, and depended for its support, and to enable it to carry out its purposes, upon donations of philanthropists, and other charitably disposed persons. Such institutions are expressly authorized, under the provisions of the statute under which plaintiff was incorporated, to accept and receive such donations, and may be compelled and required by the courts to carry out faithfully the purposes of a particular donation. Money contributed to it for the purpose of an endowment fund may not be diverted from that purpose, and its application may be compelled by proper judicial proceedings. Many of the colleges of the present day depend almost wholly upon voluntary contributions for their support, and philanthropists who contribute thereto are impelled to do so by their sentiments of charity, benevolence, and good will; and the opportunity amply repays the outlay, and to them is far greater than any considerations of a pecuniary nature.

The question whether the evidence received by the trial court over defendants' objection, before adverted to, was admissible, must be determined in the light of these considerations and the authorities cited. We have no difficulty in holding that a sufficient consideration is shown to support the agreement. It is true that the promise was to contribute the sum of $2,500 toward an endowment fund for the college, and that the amount, if paid, could not, as suggested by appellants, be diverted by the trustees from that purpose. It could not be used in the payment of expenses. But the note expressly provided that the proceeds therefrom should be disposed of as the trustees should from time to time determine.

The order appealed from is affirmed.