## PETER LYONS v. NELS WESTERDAHL.[1]

January 29, 1915.

Nos. 18,956—(183).

**Mechanic's lien — foreclosure — verification of pleading.**
1. Where, in an action to foreclose a mechanic's lien, a party verifies his

[1] Reported in 150 N. W. 1083.

Note.—On the question of the removal, removability, or destruction of work or improvement as affecting lien on the property improved, see note in 41 L.R.A.(N.S.) 296.

As to the effect of filing an excessive mechanics' lien, see note in 29 L.R.A. (N.S.) 306.

pleading by an affidavit that the averments therein are true of his own knowledge, and such pleading states positively that the attached bill of items is true and correct, this constitutes a sufficient verification of such bill of items.

**Lighting fixtures.**

2. Under the rule stated in Capehart v. Foster, 61 Minn. 132, that lighting fixtures do not become a part of the realty, at least under ordinary circumstances, it is *held* that the value of such fixtures was improperly included in the amount adjudged to be a lien upon the property.

**Statement of lien — claiming more than due.**

3. One of the lien claimants performed his contract only in part, but filed a lien for the amount which would have been due had he performed the contract in full. *Held* that he knowingly claimed more than was justly due, and thereby divested himself of all right to a lien against the property.

Action in the district court for Hennepin county to foreclose a mechanic's lien. The case was tried before Steele, J., who made findings and ordered judgment in favor of the respective parties as set forth in the opinion. From the judgment entered pursuant to the order for judgment, defendant Westerdahl appealed. Modified.

*A. B. Darelius,* for appellant.

*Herbert T. Park,* for respondents.

TAYLOR, C.

This is an action to foreclose the mechanic's liens filed against a house and lot in the city of Minneapolis. The trial court made findings of fact and conclusions of law, and rendered judgment pursuant thereto, establishing liens upon the property as follows: In favor of defendant Bruer Bros. Lumber Co. for the sum of $1,707.54; in favor of defendant Ireland-Simmons Co. for the sum of $377.02; and in favor of defendant Western Heating Co. for the sum of $669.02. It was also adjudged that these liens were paramount and superior to a mortgage held by defendant Westerdahl. Defendant Westerdahl appealed from the judgment.

1. The liens, so far as valid and subsisting, are paramount to the mortgage.

The statute provides: "Each lienholder shall attach to and file

128 M.—19.

with his complaint or answer a bill of the items of his claim, verified by the oath of some person having knowledge thereof, and shall file such further and more particular account, as the court may at any time direct. Upon his failure to file such original or further bill, his pleading shall be stricken out and his claim disallowed." G. S. 1913, § 7031.

None of the above lien claimants made a separate verification of the bill of items attached to their respective answers; but each answer was verified, and stated in substance that a true and correct statement of the items of labor and material furnished, and of the value thereof, was thereto attached, marked Exhibit A, and made a part thereof. At the trial appellant moved to strike out the several answers on the ground that the bill of items was not verified as required by the above statute, and assigns the denial of such motions as error.

The statute requires that the correctness of the bill of items shall be supported by the oath of some person having knowledge thereof. The pleading may or may not be verified, but the bill of items must be verified. If a party verifies his pleading by an affidavit that the averments therein are true of his own knowledge, and the pleading states directly and positively that the attached bill of items is true and correct, we think that this constitutes a sufficient verification of such bill of items. Under this rule the answers in question are not open to the objection urged. Appellant also urges that one of the verifications was defective in failing to state that the affiant knew the contents of the pleading which he verified. The verification states that he had read the pleading and that it was true of his own knowledge, and we think this shows sufficiently that he knew its contents. As the above are the only objections urged against the claim of Bruer Bros. Lumber Co., the judgment in favor of that company is affirmed.

2. The claim of the Ireland-Simmons Co. includes the sum of $120 for electric lighting fixtures. These fixtures appear to be such as are ordinarily kept in stock for sale by dealers in such articles; it does not appear that they were designed, constructed, or prepared for this particular building. Neither is there any evidence tending to show the intent with which the parties caused them to be placed in the building. The naked fact appears that they were installed therein,

nothing more. It was decided in Capehart v. Foster, 61 Minn. 132, 63 N. W. 257, 52 Am. St. 582, that gas lighting fixtures did not become a part of the realty under such circumstances, and the same rule must be applied to electric lighting fixtures. It follows that the Ireland-Simmons Co. are not entitled to a lien upon the realty for the value of such fixtures.

3. The Western Heating Co. had the contract to install the heating plant and do the plumbing in the building and to furnish the material therefor. A partial payment was to be made when what is termed the "roughing in" was finished. This payment was not made, and thereupon the heating company quit work and refused to complete the contract. Thereafter they filed a lien for the full amount to which they would have been entitled had they fully completed their contract. At the trial they conceded that the unperformed portion of the contract exceeded $150 in value; and that the amount claimed in the lien statement exceeded the amount due them by that sum. The statute provides:

"In no case shall a lien exist for a greater amount than the sum claimed in the lien statement, nor for any amount whatever, if it be made to appear that the claimant has knowingly demanded in such statement more that is justly due." G. S. 1913, § 7085.

The legislature intended to prevent the padding of such claims, and this statute must be given effect according to its terms. It provides that a lien claimant, who, in his lien statement, knowingly demands more than is justly due, shall have no lien whatever. In the present case the lien statement demanded fully 20 per cent more than was justly due. The heating company knew that they were making a claim for all the material and all the labor that would be required to complete the contract in full. They also knew that they had not completed the contract, and necessarily knew that they were attempting to acquire a lien for material not furnished and for labor not performed. The admitted facts are such that the statute divests them of the right to a lien and the judgment must be modified accordingly.

Other courts apply the same rule under statutes less drastic than our own and to facts more excusable than those here presented. Stubbs v. C. C. S. & S. W. Ry. Co. 65 Iowa, 513, 22 N. W. 654;

Gibbs v. Hanchette, 90 Mich. 657, 51 N. W. 691; Bren-
nan v. Miller, 97 Mich. 182, 56 N. W. 354; Bohn Mnfg. Co. v.
Keenan, 15 S. D. 377, 89 N. W. 1000; Reeve v. Elmendorf, 38 N.
J. Law, 125.

The cause is remanded with directions to modify the judgment to
conform to the views hereinbefore expressed.