## HYDRAULIC PRESS BRICK COMPANY v. MORTGAGE LAND INVESTMENT COMPANY AND OTHERS.[1]

### June 27, 1919.

### No. 21,305.

**Mechanic's lien — price of material — finding sustained by evidence.**

1. In an action to enforce a mechanic's lien the evidence is *held* to sustain a finding that certain materials were furnished on the basis of reasonable value and not at a price fixed by special contract.

**Same — acceptance of material.**

2. The evidence sustains a finding that certain boilers and fixtures were accepted and were substantially of the character sold.

**Same — lien not avoided by excessive demand.**

3. The evidence did not require a finding that the lien claimant in his statement "knowingly demanded in such statement more than is justly due" and thereby was deprived by G. S. 1913, § 7085, of a lien.

Consolidated action in the district court for Hennepin county to foreclose a mechanic's lien. The National Manufacturing & Supply Company, and its trustee, the Engler Lumber Company, and John F. Wilcox Company, were made defendants. Defendant manufacturing and supply company interposed a counterclaim against the Mortgage Land Investment Company for a balance of $7,638.20. The case was tried before Steele, J., who made findings and as conclusions of law found that the trustee of the manufacturing and supply company was entitled to judgment against the land investment company for $6,099.20; also $250 attorneys' fees. The land investment company's motion to set aside the

[1] Reported in 173 N. W. 849.

findings and conclusions, insofar as they affected the claim of the National Manufacturing & Supply Company, was denied. From an order denying its motion for a new trial, defendant Mortgage Land Investment Company appealed. Affirmed.

*Charles B. Elliott,* for appellant.

*Daniel Carmichiel,* for respondent.

DIBELL, J.

Action to foreclose a mechanic's lien. The defendant Mortgage Land Investment Company is the landowner. The defendant Glenn is the trustee of the National Manufacturing & Supply Company and is a lien claiming defendant. The controversy is between the trustee and the landowner. There was judgment for the trustee. The Mortgage Land Investment Company appeals from the judgment and from an order denying a new trial.

There are three questions:

(1) Whether the materials were furnished by the trustee on the basis of their reasonable value, as he claims, or at a fixed price, as claimed by the investment company.

(2) Whether there were defects in certain of the materials furnished for which an allowance should have been made.

(3) Whether the lien claimant in the lien filed knowingly demanded more than was due so that he is precluded by G. S. 1913, § 7085, from having a lien.

Upon all points the trial court found against the owner.

1. The materials furnished were plumbing and heating materials and the like for a set of flat buildings in Minneapolis. They were furnished from September 13, 1915, to February 12, 1917. The landowner claims that upon October 4, 1915, the trustee agreed in writing to furnish the materials "at prices of today provided we get all the business. A discount of 3 per cent allowed on total business." This agreement was signed by the accountant and credit man of the trustee. The court found that the materials were furnished at their reasonable value and therefore not under a contract for a fixed price.

It seems that such a contract as is claimed by the owner made in a time of rising prices, was an unlikely one. It fairly appears, or at least

the court was justified in finding, that it was not called to the attention of the trustee, or anyone connected with him, until at the trial. The accountant and the investment company were on close terms. The conduct of the parties in the furnishing of the materials, and making of invoices and statements at reasonable value prices, to which no objection was made, was consistent with a furnishing on the basis of reasonable value when delivered, and somewhat inconsistent with a contract at a price by values when the building was commenced. The finding that the contract under which the materials were furnished was on the basis of reasonable value is satisfactorily sustained.

2. The owner claims that three boilers and certain fixtures and appliances of the toilet rooms were defective. The court found not. The boilers were installed and used by the owner and the evidence is satisfactory enough that the defendant knew what boilers it was getting, and accepted them. There is evidence that it did not properly install them.

The finding covering the toilet fixtures and appliances is less well supported. The evidence justified a reduction for defects. A reduction might well enough have been made. Still there was evidence in support of a finding that they were substantially of the character sold. We have gone over the evidence with very great care. Upon mature consideration we reach the conclusion that the question was for the trial court and that the finding must stand.

3. The statute provides that a lien shall not exist "for any amount whatever, if it be made to appear that the claimant has knowingly demanded in such statement more than is justly due." G. S. 1913, § 7085. The total amount of the claim as filed was $25,137.45, on which $17,500 was paid. The true amount of the original claim was $23,599.20, leaving the amount claimed $1,538.25 in excess of the true amount. The court found that "this inaccuracy in the lien statement was due to excusable mistake and oversight and the lien claimant did not knowingly demand more than was justly due the said lien claimant." The statute means what it says and the court has no hesitancy in giving it effect. Lyons v. Westerdahl, 128 Minn. 288, 150 N. W. 1083, and cases cited. The item of $1,538.25 apparently went into another building and was

mistakenly carried on the books in the account against the owner. The court's finding is well sustained.

Judgment and order affirmed.

On January 23, 1920, the following opinion was filed:

PER CURIAM.

On the application of the appellant a rehearing was granted. We have reconsidered the questions involved in the light of the additional briefs filed and are of the opinion that the case was rightly decided. We adhere to our former decision and the order from which the appeal is taken stands affirmed.