# HOME SUPPLY COMPANY, INC. v. CARL OSTROM AND OTHERS.[1]

July 3, 1925.

No. 24,670.

**Waiver of plaintiff's right to lien on owner's property good consideration for his waiver of lien on other property.**

1. Where the owner relying upon a waiver of a lien right executed by one who has furnished material in the improvement of the property pays money and gives a lien waiver on other property against which he has a right of lien, it is sufficient consideration to support the lien waiver inducing the transaction.

**When creditor knowingly violates G. S. 1923, § 8558.**

2. Where a creditor having a lienable claim for $654.53 waives his lien right, and then later files a lien statement covering such item and an additional item of $17.86 subsequently incurred, he knowingly demands more than is justly due in violation of section 8558, G. S. 1923, hence the right to a lien for the $17.86 is lost.

1. See Mechanics Liens, 27 Cyc. p. 265 (Anno).
2. See Mechanics Liens, 27 Cyc. p. 205.

Action in the district court for Hennepin county to foreclose a mechanic's lien. The case was tried before Montgomery, J., who ordered judgment in favor of defendants. Plaintiff appealed. Affirmed.

*John N. Berg* and *H. M. Feroe,* for appellant.
*Johnson & Young,* for respondents Lindahl.

WILSON, C. J.

Action to foreclose a mechanic's lien. One Lindahl owning the premises made a contract with Ostrom Brothers to furnish the necessary material and construct a dwelling house thereon. Ostrom Brothers bought building material from plaintiff which was used in this work and there is a balance of $672.39 unpaid thereon.

[1]Reported in 204 N. W. 647.

Plaintiff filed a lien for this amount. Lindahl contested plaintiffs' right of lien on the ground that it had executed and delivered on November 17, 1922, a written waiver of the lien, at which time Ostrom Brothers gave to plaintiffs their note for $654.53 payable in 10 days. Thereafter additional items amounting to $17.86 going into the improvement were sold and delivered.

1. It is the claim of appellant that the waiver of the lien is not supported by a consideration. There must be a consideration. Abbott v. Nash, 35 Minn. 451, 29 N. W. 65, Lindahl, relying on the waiver, gave to the contractor his check for $190 and also a lien waiver on the property of one Brogan for $510, for which he was entitled to a lien because of work done thereon for Ostrom Brothers. Even though no consideration passed to the plaintiff at the time of its agreement and waiver of the lien right, yet Lindahl's reliance and action on such waiver should be treated as sufficient consideration. There is a consideration if the promisee, being induced by the agreement, does anything legal which he is not bound to do or refrains from doing anything which he has a right to do— it is sufficient that something valuable flows from him or that he suffers some prejudice or inconvenience and that the agreement is the inducement to the transaction. 6 R. C. L. pp. 656-657, §§ 68, 69; 13 C. J. 316; Albert Lea College v. Brown, 88 Minn. 524, 93 N. W. 672, 60 L. R. A. 870; Harp v. Hamilton (Tex. Civ. App.) 177 S. W. 565; Wells & Morris v. Brown, 67 Wash. 351, 121 Pac. 828, Ann. Cas. 1913D, 317.

It is argued that the waiver was not addressed to anyone and hence Lindahl should not have relied upon it. But it was formally executed upon a form approved by the Minneapolis Real Estate Board. It related exclusively to Lindahl's property and he could not assume that it was intended for anyone but himself. Plaintiff intended it for his benefit, but it claims that the purpose of the waiver was to give priority to a mortgage which Lindahl was to put on the property. Lindahl says that the Brogan property was to be mortgaged and that this waiver was given to induce Lindahl to give a waiver as to the Brogan property. If plaintiff's facts were

established, its conclusion would follow. Paulsen v. Manske, 126 Ill. 72, 18 N. E. 275, 9 Am. St. 532. But the findings of the court sustain the contention of Lindahl and not the plaintiff. The evidence sustains this finding and warrants the conclusion found by the court that Lindahl acted in reliance upon the waiver.

2. Plaintiff has a lienable item. of $17.86 incurred subsequent to the giving of the waiver, unless it "knowingly demanded" in the lien statement "more than is justly due" in violation of section 8558, G. S. 1923. We have referred to this statute as one preventing the padding of claims, and we have construed it as meaning that one who in his lien statements demands more than is justly due shall have no lien whatever. Lyons v. Westerdahl, 128 Minn. 288, 150 N. W. 1083; Hydraulic Press Brick Co. v. Mortgage Land Inv. Co. 144 Minn. 24, 173 N. W. 849, 176 N. W. 202; Rudd Lumber Co. v. Anderson, 161 Minn. 353, 201 N. W. 548. This statute primarily was intended to prevent a lien claimant from including in his claim items of material or labor that never went into the improvement. The language of the statute, however, is such as to include in the exclusion a demand for a lien for items of material or labor used in the improvement and paid for or concerning which a lien waiver had been given. Plaintiff having in writing waived its lien for all its claim, except the $17.86, necessarily knew that it was demanding in such lien statement more than was justly due. The result is that it lost its right to a lien for the $17.86.

Affirmed.