FRANK G. ADAMS v. RELIANCE ACCEPTANCE COMPANY.[1]

October 21, 1932.

No. 29,147.

[1]Reported in 244 N. W. 810.

210

*H. Z. Mendow* and *Perry Scheftel,* for appellant.
*Samuel G. Smilow,* for respondent.

OLSEN, J.

Defendant appeals from an order denying its alternative motion for judgment or for a new trial.

The plaintiff was the owner of a contract whereby Thomas E. Adams agreed to pay to plaintiff the sum of $2,000, $300 of which was paid at the time the contract was executed and the balance of $1,700 to be paid in monthly instalments of $150 each until such balance was fully paid. The deferred payments were further evidenced by 12 promissory notes, 11 of them for $150 each and one for $50, falling due monthly, as stated. Plaintiff applied to defendant for a loan upon the security of the contract and notes. Defendant refused to make the loan but offered to purchase the contract and notes on condition that plaintiff should guarantee the payments thereon. After some negotiation plaintiff sold the contract and notes to defendant. Plaintiff gave defendant two written assignments, one assigning the contract and one assigning the notes to defendant, each assignment being with recourse to plaintiff so as to make him liable in case the debtor failed to pay. Neither assignment states the amount of the consideration therefor, except in the general term "for value received" in one case and "for a valuable consideration" in the other. The debtor, Thomas E. Adams, has paid to the defendant the full amount of $1,700 called for by the contract and notes.

The present action is brought to recover $400, claimed by plaintiff to be owing to him by defendant for balance of the purchase

price of the contract and notes. Plaintiff claims that the purchase price agreed to be paid to him for the contract and notes was $1,300, of which amount $900 was to be and was paid at the time of the sale, and $400 was to be paid when Thomas E. Adams had made payments to defendant to the amount of $900. Plaintiff so testified. The $400 has not been paid. Defendant claims that the agreed purchase price of the contract and notes was $900 and no more, and its evidence was to that effect. The jury accepted plaintiff's testimony and returned a verdict for plaintiff for the $400.

■ It is urged that plaintiff's evidence as to the agreement that he was to receive $1,300 as consideration for the sale to defendant of the contract and notes in question, $900 cash at the time and $400 at the time when $900 had been paid by Thomas E. Adams to defendant, is so impeached by his cross-examination and overcome by defendant's evidence that the verdict is not sustained by the evidence and should not be permitted to stand. We have examined the evidence and do not find that plaintiff's evidence on this point was so seriously impaired or destroyed by cross-examination or by impeaching evidence as to make it insufficient to sustain the verdict. The defendant presented evidence contradicting that of plaintiff and tending to sustain its claim that the agreed sale price of the contract and notes was $900 and no more. The evidence, taken as a whole, quite clearly presented a question of fact for the jury and is such that the finding of the jury either way thereon would be sustained.

■ The point that the oral evidence as to what the actual consideration agreed upon was tends to vary the terms of the written assignments given to defendant is untenable. Where an instrument recites the consideration as "value received," or even where a definite sum is stated, parol evidence is admissible to show the actual consideration. 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 3373.

■ Complaint is made of misconduct of plaintiff's counsel in his closing argument to the jury. The closing arguments were apparently not taken down by the reporter and are not a part of the set-

tled case. At the close of the argument defendant's counsel attempted to take exceptions to some claimed statements of plaintiff's counsel, but the attorneys could not agree as to what had been said, so nothing objectionable is shown.

The order appealed from is affirmed.

