# JOSEPH SUPORNICK v. NORTHWESTERN NATIONAL INSURANCE COMPANY.[1]

November 3, 1933.

No. 29,472.

[1]Reported in 250 N. W. 716.

20

*Levy & Dretchko* and *Carl W. Cummins,* for appellant.

*Henderson, Gates & Flakne* and *Daggett & Redlund,* for respondent.

### HOLT, Justice.

Defendant appeals from the order denying its motion in the alternative for judgment notwithstanding the verdict or a new trial.

The action is on a fire insurance policy issued by defendant upon a dwelling house owned by Anna R. Nakken in St. Louis Park, a suburb of Minneapolis. The policy was for $3,600. Miss Nakken assigned her claim for loss under the policy by written assignment to plaintiff, the instrument reciting a consideration "of one dollar and other valuable consideration." The parties stipulated before the trial began that the only issue for the jury was whether the fire caused a total loss of the insured dwelling, and that if the jury found a total loss the plaintiff was entitled to a verdict for $3,600 plus interest, and if the loss was found not to be total plaintiff was entitled to a verdict for $1,405.77 and interest up to the time of serving the answer. The jury returned a verdict for $3,600, plus interest.

The main contention of defendant is that the verdict is not justified by the evidence and is contrary to law; that is, the evidence does not warrant any other verdict than for $1,405.77, and hence judgment should be ordered for that sum notwithstanding the verdict rendered. The jury were instructed as to what constitutes a total loss within the meaning of fire insurance policies in harmony with the decision in N. W. Mut. L. Ins. Co. v. Rochester German Ins. Co. 85 Minn. 48, 88 N. W. 265, 56 L. R. A. 108, and no fault is found therewith. But because certain contractors,

produced by defendant, testified that parts of the outside frame walls could be utilized in the position left by the fire, and that at the cost of $1,400 or $1,500, for material and labor, the building could be repaired so as to be in as good condition as before the fire, it follows there was not a total loss. Plaintiff produced about an equal number of contractors, who, like the other contractors, having minutely examined the building after the fire, testified that the building could not be repaired or rebuilt without razing it to the foundation; that some of the foundation, which was of no great value, would have to be repaired; and that the salvage in razing the building was less than $25. All the witnesses seemed to agree that there was a total destruction of the framework of all partitions, that there was no salvage in the roof, and that all the plastering was destroyed. There was evidence warranting a verdict of a total loss. This verdict, approved by the trial court, should not be disturbed by us on the ground of lack of credible evidence to support it.

The thought is near at hand that defendant did not have great faith in the judgment of its witnesses and appraisers, for it knew it was faced with a claim of total loss on a $3,600 policy. This policy was presumably the standard Minnesota form under which defendant had the right to rebuild or repair. Had defendant believed it could restore the building at a cost of $1,400 or $1,500, it is difficult to understand why it did not elect to do so rather than take the chance of paying the full amount of the policy. It had timely knowledge of the sort of building it was and of the condition in which the fire left it.

Defendant claims error in the exclusion of certain testimony. Plaintiff was not a witness. The insured testified to the condition the fire left the building and identified the assignment to plaintiff of her cause of action for the loss. The instrument was received without objection. It recited a consideration of "one dollar and other valuable consideration." On cross-examination the witness was asked: "And what were you paid for that assignment?" To which question an objection that it was immaterial was sustained. We see no error here. As far as defendant was concerned, the in-

sured had the right to assign her cause of action for any sum she saw fit, or she could make a gift thereof. Defendant cites only one authority. Adams v. Reliance Acceptance Co. 187 Minn. 209, 244 N. W. 810. In that case there was a direct controversy between the seller and buyer of a contract as to the consideration that was to be paid therefor, and it is no authority for admission of the evidence of the consideration here received by the witness for the assignment. Defendant has no interest in the consideration. Gere v. Council Bluffs Ins. Co. 67 Iowa, 272, 23 N. W. 137, 25 N. W. 159, and Cress v. Ivens, 163 Iowa, 659, 145 N. W. 325, are more to the point that the question was immaterial. All that was material to defendant was that the cause of action for the loss had been vested in plaintiff. Defendant never questioned the validity of the assignment, and what the insured was paid therefor by plaintiff could not affect defendant's liability. There may be instances where either an assignor or an assignee of a cause of action who, in a trial thereof, has testified concerning the same, for the purpose of attacking the credibility of certain testimony so given, may on cross-examination be asked as to the consideration for the assignment. But there was here nothing in the testimony of the insured that would indicate that an answer to the question asked would discredit the witness in any particular. In Cress v. Ivens, 163 Iowa, 659, 145 N. W. 325, it was held that a defendant was not entitled to raise the question that the assignment to the plaintiff of the cause of action was champertous. See also Isherwood v. Jenkins Lbr. Co. 87 Minn. 388, 92 N. W. 230.

Another ruling assailed is that after two of defendant's witnesses had testified fully and in detail as to the cost of repairing or rebuilding and had given the opinion that it could be done for a sum stated, an answer to this question was excluded as immaterial: "Would you have undertaken the job at that figure?" Assuming an affirmative answer, it would have added nothing material to the testimony already given. At least defendant could not be prejudiced by excluding the question.

After one of the witnesses above referred to had been asked and answered as follows: "And in arriving at an estimate of the cost

of restoration, what, in your opinion, was the cost of placing that property back in as good condition as it was immediately before the fire? A. $1,405.57," he was asked: "In your opinion could that property have been restored to as good condition as it was before the fire at the price you have set forth?" The court sustained the objection of no foundation. It may be doubted whether the ground of the objection was good. But no prejudice resulted from the ruling, for the question had already been answered. A litigant is not entitled as a matter of right to have a witness repeat his testimony.

The order is affirmed.

