## STANDARD LUMBER COMPANY v. LENA LEE ALSAKER AND OTHERS.[1]

January 26, 1940.

No. 32,254.

*John I. Davis* and *F. C. Anderson,* for appellant.
*J. A. Lee* and *Fosnes & Rolloff,* for respondents.

HOLT, JUSTICE.

Action to foreclose a mechanic's lien. Respondents own a farm in Swift county, this state. They contracted with defendant Wolla to build a barn thereon for the sum of $1,600, he, Wolla, to furnish all the materials and labor required for such building. Wolla bought the lumber of plaintiff. It was not paid in full, and plaintiff filed a lien in proper form in the office of the register of deeds in Swift county March 3, 1938. The court found in substance that plaintiff, between October 5 and December 15, 1937, both days inclusive, sold and delivered to Wolla on respondents' farm materials of the value and agreed price of $1,232.78. It was also found that plaintiff knew when the material was sold that Wolla was not financially responsible; that when plaintiff had delivered approximately $1,100 worth of ma-

[1]Reported in 289 N. W. 827.

terial, and on November 5, 1937, respondents paid on account thereof $800, which was received by plaintiff to apply upon said account; that, in fraud of respondents, plaintiff credited only $400 upon the lumber account and disbursed $400 of the amount paid by respondents to Wolla; and that notwithstanding such payment of $800 and the return to plaintiff of $56.67 worth of materials prior to December 16, 1937, plaintiff caused the lien statement to be filed wherein it claimed $845.77 to be due and owing it for the material furnished. It was also found that before the commencement of the action and on April 1 or 2, 1938, respondents paid $400 upon plaintiff's account. The answer tendered plaintiff a personal judgment against respondents for $57.17. The court gave personal judgment against them for $40.50 with costs and disbursements; determined that plaintiff was entitled to no other relief, and directed that judgment be entered declaring the lien statement filed in the register of deeds' office of Swift county of no force and that it be expunged from the record. Plaintiff appeals from the order denying its blended motion for amended findings or a new trial.

The finding which we regard as decisive of this appeal is this: "That in and by said lien statement plaintiff knowingly demanded $400 more than was justly due it for the building material and supplies at the time said lien statement was filed and recorded." The last sentence in 2 Mason Minn. St. 1927, § 8558, applicable to mechanics' and certain other statutory liens, reads:

"And in no case shall a lien exist for a greater amount than the sum claimed in the lien statement, nor for any amount whatever, if it be made to appear that the claimant has knowingly demanded in such statement more than is justly due."

The last clause of the sentence is clear and specific, that if a lien claimant has knowingly demanded more in the lien statement filed than is justly due the right to enforce the lien is gone. This court so held where the excess claimed in the lien filed was 20 per cent more than was justly due. Lyons v. Westerdahl, 128 Minn. 288, 150 N. W. 1083; Home Supply Co. Inc. v. Ostrom, 164

Minn. 99, 204 N. W. 647. Where by mistake the lien statement filed claims more than justly due, the right of lien is not destroyed. Hydraulic Press Brick Co. v. Mortgage Land Inv. Co. 144 Minn. 24, 173 N. W. 849, 176 N. W. 202; or where the lien claimant's agent, to hide his own defalcation, has claimed more than justly due. Rudd Lbr. Co. v. Anderson, 161 Minn. 353, 201 N. W. 548. No claim was made at the trial that the answer did not sufficiently raise the issue that plaintiff's filed lien statement knowingly claimed more than justly due; and that issue was really the only one tried. Respondents paid by two checks. The first one was for $800, and the second for $400, received by plaintiff after the lien was filed. Each check was payable to the order of plaintiff and Edwin Wolla. It appears that when the first was issued plaintiff had delivered $1,100 worth of material. There is nothing to show that under respondents' contract with Wolla the latter was entitled to any payment before the barn was finished; but evidently plaintiff, knowing that Wolla was financially shaky, pressed for payment. To protect themselves, no doubt, the checks were made payable to the order of both. The first check was taken by Wolla to plaintiff, endorsed by Wolla, plaintiff entered it as a credit of $800 on its account of the materials delivered on respondents' farm, wrote below Wolla's endorsement, "Pay to the order of The First State Bank of Benson, Benson, Minnesota," and signed its endorsement. Plaintiff at the same time gave a check to Wolla for $400 and charged it to this lumber bill account. The contention is that, respondents' check being payable to Wolla and plaintiff, each became the owner of half thereof under the negotiable instruments law, and therefore the court's finding above quoted is not sustained by the evidence. It seems to us that the court's finding is sustained when consideration is given to the situation of the parties concerned. Plaintiff knew of Wolla's financial condition; it knew he had agreed to build the barn for respondents for $1,600; it knew before this check was made that respondents would pay by check payable to the order of both Wolla and plaintiff. The purpose

was plain to a dealer in material. When this check came into its hands it had delivered more material than the check would pay for. Respondents had not agreed to pay plaintiff for the lumber. Their agreement was with Wolla. Plaintiff knew that Wolla could only get for his work about $400 out of the barn contract and that it had already furnished more than $1,100 worth of material for the job, no part of which had been paid. Nevertheless, plaintiff splits this check with Wolla, then files a lien statement claiming $400 more than justly due from the owners of the land. We think the findings should not be disturbed.

The order is affirmed.