**Robert T. LUND, Respondent,**

v.

**Adam G. SOUTHAM, Appellant.**

No. C7–00–579.

Court of Appeals of Minnesota.

Oct. 10, 2000.

Bricker Lavik, A. Minnie Alexander, Dorsey & Whitney, L.L.P., Minneapolis, for respondent.

Todd M. Johnson, Johnson Law Group L.L.P., Minnetonka, for appellant.

Considered and decided by PETERSON, Presiding Judge, CRIPPEN, Judge, and WILLIS, Judge.

## OPINION

CRIPPEN, Judge

Granting a summary judgment to respondent Robert Lund in his suit on a $65,000 note, the trial court determined that appellant Adam Southam could not introduce evidence of respondent's failure to perform a promise allegedly constituting consideration for the note. Because the court erred in determining that the purported promise of respondent modified the note, and because appellant's parol evidence is not otherwise inadmissible, we reverse the summary judgment and remand the case for further proceedings.

## FACTS

In 1994, the parties entered into a joint enterprise that required capital contributions from each of them. The next year, after appellant Southam withdrew from involvement in the business, respondent Lund asserted that appellant remained liable for his share of cost in financing the business. In the course of settling their differences, appellant gave respondent a $65,000 note, the subject of the present litigation.

Appellant admits that he executed the note in question. Before the trial court, he disputed the claim that respondent's right to recover financing costs was consideration for the note, claiming that respondent's contributions were offset by the value of stock transferred to him. Both in trial-court proceedings and on appeal, Southam claims that the note was given in exchange for an unperformed promise of respondent to execute a separate written agreement transferring to appellant the intellectual-property rights of their joint enterprise. The note merely states that appellant's agreement was given in exchange "for value received."

Appellant's note recites that it cannot be modified by an oral agreement:

> This Promissory Note shall not be deemed or construed to be modified, amended, rescinded, cancelled or waived, in whole or in part, except by written instrument signed by both parties hereto.

The trial court determined that this language, together with the parol-evidence rule, precluded admission of appellant's evidence that respondent promised to transfer property rights. The court refused to consider this evidence and concluded that appellant's prior indebtedness to respondent was the consideration for his note. Finding no cause to question the sufficiency of this consideration, the court granted respondent a summary judgment on his note claim.

## ISSUE

Did the trial court err in refusing to consider evidence that respondent breached a promise to transfer property and that this promise constituted the consideration for appellant's note?

## ANALYSIS

Summary judgment is proper and should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, sub-

mitted "show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. In reviewing a grant of summary judgment, this court determines whether there are any genuine issues of material fact and whether the lower court erred in its application of the law. *Lubbers v. Anderson,* 539 N.W.2d 398, 401 (Minn.1995). Construction of the contract of the parties is a matter of law that this court reviews de novo. *Turner v. Alpha Phi Sorority House,* 276 N.W.2d 63, 66 (Minn.1979). Similarly, the application of the parol-evidence rule, premised on an examination of the contract, presents a question of law. *St. Louis Union Trust Co. v. United States,* 617 F.2d 1293, 1300 (8th Cir.1980) (determining application of the parol-evidence rule a question of law); *Seifert v. Mutual Benefit Life Ins. Co.,* 203 Minn. 415, 422, 281 N.W. 770, 773–74 (1938) (declaring rule on parol evidence a matter of substantive law, not a rule of evidence).

The parties do not dispute the rule of law permitting the receipt of either party's parol evidence to show the consideration for a contractual obligation stated in an instrument that makes a "mere recital" that value was received. *Adams v. Reliance Acceptance Co.,* 187 Minn. 209, 211, 244 N.W. 810, 811 (1932) (permitting obligor on assignments, given "for value received" or for "a valuable consideration," to prove promise to pay certain sum); *Albert Lea College v. Brown,* 88 Minn. 524, 528–29, 93 N.W. 672, 673 (1903) (permitting obligee's parol evidence of consideration given for note that stated consideration merely as "for value received"). *See generally* R.E. Heinselman, Annotation, *"Contractual" Consideration as Regards Parol-evidence Rule,* 100 A.L.R. 17 (1936) (citing authorities for the principle and distinguishable cases where attempt is made to alter recital of specific consideration).[1] In circumstances like these, because a mere recital is not contradicted by proof of the actual consideration, there is no cause for application of the rule against modification of a contract by parol evidence. *Flower v. King,* 189 Minn. 461, 466, 250 N.W. 43, 45 (1933); *Adams,* 187 Minn. at 211, 244 N.W. at 811; *cf. Jimmerson v. Troy Seed Co.,* 236 Minn. 395, 400–02, 53 N.W.2d 273, 277–78 (1952) (distinguishing the rule permitting evidence of consideration furnished; finding error in trial court's admission of obligor's proof that employee made promises other than the necessarily implied promise to make sales needed to earn commissions he sought to recover).

Making no reference to the rule permitting proof of consideration in circumstances like these, the trial court reached an incorrect conclusion, reciting the general rule against admission of parol evidence and pointing to the note language permitting modification only by a written instrument. The contract language constitutes no more than a recitation of the parol-evidence rule. Proof of consideration, upon the mere recitation that it was received, does not constitute alteration of the contract. Because the court's refusal to consider appellant's parol evidence contradicts an established proposition of law, we reverse and remand for further proceedings on the conflicting claims of the parties.

Respondent Lund presents an argument not addressed by the trial court, that appellant's parol evidence was precluded because his note contained more than a mere recital of consideration. Respondent directs our attention to language

---

1. In reviewing cases appellant cites in favor of admitting parol evidence, respondent observes that many of these decisions deal with ambiguous contract language or contracts that otherwise are not fully integrated. This recitation takes nothing from the authority for the proposition demonstrated, for example, in *Albert Lea College.* Acknowledging this line of authority, respondent asserts that the principle does not apply in this case but does not dispute the rule.

found in the integration clause, which states:

> This Promissory Note is the entire agreement between the parties with respect to the subject matter herein, represents the entire indebtedness of Southam to Lund and shall supersede all prior Promissory Notes or understandings between the parties whether written or oral.

Respondent contends that this statement acknowledges that appellant's prior indebtedness is the consideration for his note, making contrary evidence inadmissible under the parol-evidence rule. *See Jimmerson*, 236 Minn. at 400–02, 53 N.W.2d at 277–78 (applying parol-evidence rule to exclude proof of consideration other than that necessarily implied by written agreement).[2]

Respondent's argument rests on a misinterpretation of the legal meaning of the language he recites. The integration clause speaks generically of other debts, notes, or agreements of the obligor, rendering them invalid, and does not state the existence of actual debts that are replaced by the note. Respondent furnishes no authority—and there is none—suggesting that a standard declaration against the validity of other agreements constitutes an acknowledgement that such an agreement actually exists.

Respondent also observes that appellant's proposed evidence—that respondent agreed to execute a transfer of intellectual property rights in exchange for appellant's note—includes a proposed transfer document containing a recital that appellant was providing consideration for the transfer other than his $65,000 note; the proposed document states that the transfer is in exchange for appellant's claim for services rendered to the joint enterprise. Be-

cause the trial court refused to consider appellant's evidence, it did not reach this question or others that will likely arise upon development of a more complete record. Nothing in this opinion is intended to judge the merits of positions taken by the parties upon remand.

Finally, appellant advances the more general argument that the trial court erred by holding that appellant's alleged pre-existing debt was the consideration for his note. This disputed trial-court decision included factual determinations that the pre-existing debt existed, that it comprised half of the financing cost for the parties' joint enterprise, and that it amounted to more than $65,000. Appellant's trial-court arguments included the contention that respondent's financial contributions were offset by the value of corporate stock taken by him. Upon remand following correction of the trial court's holding on appellant's evidence, the consideration issue must be reexamined.

## DECISION

Because the trial court erroneously disregarded appellant's evidence on the nature of the consideration supporting his note to respondent, the court's summary judgment cannot stand.

**Reversed and remanded.**

---

2. Respondent does not argue that an integration clause, because it declares a final agreement of the parties, alters the doctrine permitting parol evidence to show consideration of a contract that merely recites value received. *See Restatement (Second) of Contracts* § 218(2) (1981) (declaring consideration evidence admissible "even though the parties have reduced their agreement to a writing which appears to be a completely integrated agreement").