JOHN M. HOOVER *vs.* PERKINS WINDMILL & AXE COMPANY.

July 2, 1889.

**Agency Contract Construed.**—A contract for service as agent construed as not contemplating any definite period of service, although it provided for yearly settlements. Either party had the right to terminate the relation at any time.

Appeal by plaintiff from an order of the district court for Hennepin county, *Hicks,* J., presiding, refusing a new trial.

*Russell, Calhoun & Reed,* for appellant.

*Keith, Evans, Thompson & Fairchild,* for respondent.

DICKINSON, J. In January, 1886, the plaintiff and the defendant entered into a written contract, by the terms of which the plaintiff became the agent of the defendant for the sale of windmills in the state of Minnesota. It is unnecessary to state with particularity all the provisions of the contract. It may be said generally, however,

that the mills were to be shipped to the plaintiff at an agreed schedule price. He was to bear all the expense incident to keeping and selling them, and to remit the proceeds of all sales to the defendant, himself guarantying the payment of all notes taken upon sales. The defendant was to return to the plaintiff all notes, cash, and drafts so remitted, after it had realized therefrom the schedule price of the mills shipped to the plaintiff; and when the defendant should have "collected for all of the goods as above, and the aforesaid notes shall be paid *for each year's business,* then they shall pay to the party of the second part [plaintiff] three dollars for each windmill sold *that year,* to pay him for the risk in securing the payment of said notes and accounts." There was nothing in the contract relative to the time during which it should continue in force, unless some inference is to be drawn from the language which we have recited and italicised. In June, 1887, in the course of the settlement of some matters growing out of the above contract, the parties entered into a further agreement in writing, in which, among other things, it was agreed that the business between them should "be continued" under the previously executed contract; it being further agreed that the parties should examine, compare, and check up accounts between them "*during the month of January of each year,* and as much oftener as either of the parties may desire during the continuance of the business under said existing agency contract." On the 6th of August, 1887, the defendant declined to further perform the contract. This action was then commenced to recover damages, upon the ground that the defendant had broken the contract. The question is thus presented, whether the defendant had a right then to terminate the contract. The answer to this depends upon the construction of the agreements of the parties. If they made no provision as to the period during which the agency should continue, and if no agreement in that respect can be implied from the nature of the business, then either party had the right to terminate the contract at will. We cannot construe the provisions which we have recited from the written instruments as being intended to express the agreement that the contract should continue in force for a year or for any definite time. That was not the apparent purpose of the parties. It would rather

seem from the whole instruments, in which there is no express pro-vision as to how long the agency should continue, that the parties contemplated no definite period. It would remain in force until one or both of the parties should elect to terminate it. It might, of course, continue in force for years. However long the parties might maintain these relations, it was natural, and in accordance with the habits of business men, to have at least yearly accountings and settle-ments. These provisions, upon which the plaintiff relies as showing an agreement to continue the business from year to year, we think amount to no more than agreements for yearly accountings so long as the relation established by the contract shall continue. They do not import an agreement that such relations shall continue for any definite period. There is nothing in the nature of the business to which this contract relates which can affect its construction in the particular under consideration. There is no more apparent reason for construing the agreement as one for a *yearly* agency, to continue from year to year, than there would have been if the business had been the buying or selling of horses. The defendant having the legal right to terminate the contract at will, it is unnecessary to consider whether the circumstances inducing its action would otherwise have justified it or not. The other questions presented in the case are immaterial, in view of the decision above expressed.

Order affirmed.