NORMAN L. NEWHALL and Another v. JOURNAL PRINTING COM-
PANY.[1]

July 3, 1908.

Nos. 15,602—(135).

**Contract of Employment.**

A contract for employment is not lacking in mutuality because the party employed does not bind himself to continue in the employment for a definite period.

**Contract of Agency.**

A contract of agency, which leaves the agent free to terminate his relations with the principal on reasonable or specified notice, must be construed to confer the same right upon the principal, unless provisions to the contrary are stipulated.

**Damages for Breach.**

Damages for the breach of such an agency contract by improper termination by the principal, if a corporation, do not necessarily extend beyond the period for which it was organized. There is no presumption of law that such a corporation will prolong its artificial existence by availing itself of statutory provisions for renewal of its franchise.

**Extent of Recovery.**

It is here *held* that defendant newspaper was not, as a matter of law, justified in terminating a contract with a carrier; that its breach of that contract did not entitle the plaintiff to recover damages for prospective profits for a longer time than during the remainder of the period for which the company was incorporated; that plaintiff was not entitled, under his complaint for a breach of a contract for daily delivery ("Sundays excepted"), to recover damages for breach of a contract to sell and deliver the Sunday edition subsequently issued.

Action in the district court for Hennepin county to recover $1,200 for the breach of a contract. The case was tried before Simpson, J.,

1 Reported in 117 N. W. 228.

and a jury which rendered a verdict in favor of plaintiff in the sum of $928.40. A motion for judgment notwithstanding the verdict was denied and that for a new trial was granted unless plaintiff would remit the portion of the verdict above $728. Pursuant to the order the overplus was remitted, and from the order denying the motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*Cohen, Atwater & Shaw,* for appellant.

*Norton M. Cross,* for respondent.

JAGGARD, J.

Plaintiff sought to recover damages for the breach of a contract made by the defendant with plaintiff's assignor for the delivery of newspapers and for collection of the price thereof. The contract in question set forth that for a consideration of $135, paid by plaintiff's assignor to the defendant, the defendant gave to such assignor, and therefore to defendant, the exclusive right to sell defendant's publication within certain specified territory under the terms and conditions stated in the contract. The specification of the time of the duration of the contract was as follows:

> "Either party to this contract may at any time terminate said contract upon thirty days' written notice to the other party, and upon the expiration of thirty days from the date of the service of said notice all the rights of said second party under said contract shall cease, except the right of reimbursement as hereinafter provided; provided, however, that said first party shall not terminate this contract, except for the dishonesty, incompetence, negligence, inattention, or irresponsibility of said second party."

The jury returned a verdict of $928.40. A motion for a new trial was granted, unless plaintiff would remit all of the verdict above $728, in which event the court ordered that the verdict should stand in all respects as if originally rendered for $728. Plaintiff duly remitted in accordance with the order. This appeal was taken from that order.

One of the essential questions in this case is whether the contract was terminable by defendant, with or without cause, on thirty days'

notice. Defendant contends that, where a contract for the employment of a person in a particular business as long as the latter may elect to serve has been broken by the employer, the employee, having never fixed by his election the period of service, cannot recover substantial damages for the breach, inasmuch as the obligation violated is too uncertain. Bolles v. Sachs, 37 Minn. 315, 33 N. W. 862. Cf. Mc-Mullan v. Dickinson Co., 63 Minn. 405, 65 N. W. 661, 663. And see St. Louis v. Matthews, 64 Ark. 398, 42 S. W. 902, 39 L. R. A. 467. It is, however, well settled that a contract for employment is not lacking in mutuality because the party employed does not bind himself to continue in the employment for a definite period (Carnig v. Carr, 167 Mass. 544, 46 N. E. 117, 35 L. R. A. 512, and note 57 Am. St. 488), and that a contract for agency, which leaves the agent free to terminate his relations with the principal on reasonable or specified notice, must be construed to confer the same right upon the principal unless provisions to the contrary are stipulated. Willcox & Gibbs Sewing Machine Co. v. Ewing, 141 U. S. 627, 12 Sup. Ct. 94, 35 L. Ed. 882; Smith v. St. Paul & D. R. Co., 60 Minn. 330, 62 N. W. 392. And see Pennsylvania v. Dolan, 6 Ind. App. 109, 32 N. E. 802, 51 Am. St. 289. There is no doubt that by the present contract the parties intended, and clearly expressed their intention, that the defendant should not terminate that contract "except for dishonesty, incompetence, negligence, inattention, or irresponsibility" of the other party thereto, who, for present purposes, is the plaintiff. The conclusion follows that the plaintiff was entitled to recover in some amount unless the evidence showed that he was discharged for cause. An examination of the record has satisfied us that the defendant was not, as a matter of law, justified in terminating the contract for cause, and that the verdict of the jury on this point is sustained by the evidence.

With respect to the extent of the recovery of damages, the trial court construed the contract as continuing through any renewal of the primary term of the corporate existence, and permitted the plaintiff to assess damages for plaintiff's loss of profits during the possible renewal. No period was fixed by the contract itself at which it must be terminated. The defendant's charter, under the laws of this state, expired in about five years. No evidence was offered to show that

in fact the defendant intended to renew its artificial existence for any further time in pursuance of statutory provisions. Plaintiff thinks, indeed, that no such proof would have been admissible or obtainable. The award of damages to the extent allowed by the trial court must have rested entirely upon the presumption of law that the corporation would extend its franchise. Why this should be presumed, although it could not be proved, has not been made to appear. The reasoning is anomalous. Artificial presumption is made to stand as a substitute for proof said to be impossible. By parity of reasoning that presumption would not be subject to rebuttal. Thus the law, independent of facts, has finally adjudged that the corporation will renew its existence; for it is to be observed that the court did not submit to the jury whether as a matter of fact the corporation would prolong its own life. It is by no means certain that, under all conditions, proof of probable renewal of corporate existence would not be obtainable and admissible; but it is clear that upon this record the charge of the trial court as to the period for which plaintiff's damages could be assessed was erroneous.

The final question is whether a new trial should be granted or the verdict reduced to the reasonable profits from the date of the breach by the corporation to the end of the artificial existence of the defendant. Plaintiff was entitled to a return of his deposit and to the fair estimate of his profits for the remaining five years, more or less. The present yearly profits were estimated at $120. Of this, however, about one-half was derived from the sale and delivery of the Sunday Journal. At the time the contract was signed the defendant did not issue a Sunday edition. The contract expressly provided that the defendant should sell and deliver to the carrier "as soon as practicable after publication each day (Sundays excepted) as many copies of said newspaper" as the carrier shall order. Subsequently a Sunday edition was issued, and was in fact sold and distributed by the carrier. For the services so rendered, recovery could be had, but not under the original contract. Whether or not what was said or done by the parties amounted to a new contract, or to a modification of the original contract, we need not inquire. Nothing to that effect is alleged in the complaint. A reduction of the verdict is accordingly not feasible.

Reversed and new trial granted.