OSCAR A. ELLINGSON v. STATE BANK OF HOFFMAN.[1]

February 13, 1931.

Nos. 28,320, 28,440.

. [1]Reported in 234 N. W. 867.

*Murphy, Johanson & Nelson* and *R. J. Stromme,* for appellant.
*John I. Davis* and *Frank J. Zima,* for respondent.

WILSON, C. J.

Defendant appealed from a judgment entered after its motion for judgment non obstante was denied. There was no motion for a new trial.

The complaint is for money had and received by defendant from the hands of persons named on account of the sale by defendant of certain lands belonging to plaintiff.

The facts supported by the evidence and the verdict are these:

Plaintiff owned a 320-acre farm upon which defendant held a second and third mortgage. The first mortgage thereon was foreclosed on April 22, 1922. Defendant redeemed therefrom on April 24, 1923, by paying $9,006.04. It was previously agreed between plaintiff and defendant, so the jury has said, that plaintiff need not redeem; that defendant should; that plaintiff was to produce buyers for the farm; and that when all of the land was sold and paid for, the money going to the defendant, it should repay the plaintiff the excess over and above what it paid for making the redemption, plus plaintiff's indebtedness to it. In reliance thereon plaintiff discontinued the negotiations for a new loan to take up the existing encumbrances and devoted his time to looking for buyers, which he produced and to whom defendant sold the land. The excess as determined by the verdict was $1,864.75.

Defendant claims the contract, the existence of which it denies, is not supported by a consideration. Standing strictly as a contract a consideration is of course necessary. 42 C. J. 392, § 2161; 2 Jones, Mortgages (8 ed.) § 1350. The redemption having been made by the defendant under the terms of the agreement, it stood in the shoes of the first mortgagee after the foreclosure. Plaintiff's discontinuance of efforts to negotiate a new loan in re-

liance upon the agreement, as the jury was justified in concluding from the evidence in the case, was a sufficient consideration. Relying on the mortgagee's promise, plaintiff mortgagor forbore his own right to redeem. Such forbearance of a legal right, standing alone and regardless of results, is enough detriment to the promisee to fulfil the requirements of consideration for the promise. Restatement Law of Contracts, Am. Law Inst. § 75; Home Supply Co. Inc. v. Ostrom, 164 Minn. 99, 204 N. W. 647.

■ There is also another theory within the submission of the case upon which plaintiff should prevail. Defendant by its conduct in making the contract waived its strict legal rights in respect to the time for redemption. Tice v. Russell, 43 Minn. 66, 44 N. W. 886; 41 C. J. 894, § 1118. This conclusion is upheld upon the grounds of general equitable relief, the most frequent of which is found in the application of the principles of estoppel. 54 A. L. R. 1211, Anno. IV, wherein cases are numerously cited; 42 C. J. 392, §§ 2163, 2167, note 54, and 2168; 2 Jones, Mortgages (8 ed.) § 1350; and Farmers State Bank v. Anton, 51 N. D. 202, 199 N. W. 582. The strongest equitable principle which gives relief is that the debtor is lulled into a false security to his prejudice.

■ By such agreement and conduct defendant waived and abandoned rights acquired as a redemptioner of the mortgaged property from the foreclosure sale, and in legal effect, it stepping into the shoes of the prior mortgagee, assumed and continued the relation of mortgagor and mortgagee between the debtor and itself. Oertel v. Pierce, 116 Minn. 266, 133 N. W. 797, Ann. Cas. 1913A, 854; 19 R. C. L. 651, § 468; McNeil v. Call, 19 N. H. 403, 51 Am. D. 188; Lynch v. Higgins, 154 Minn. 151, 191 N. W. 422.

■ Having in mind the suggestion that the relation of mortgagor and mortgagee in effect continued as indicated in Oertel v. Pierce, 116 Minn. 266, 133 N. W. 797, Ann. Cas. 1913A, 854, the claim of variance between the proof and the complaint is untenable. In fact the record fails to show any substantial variance between the allegations and the proof.

■ Was the action barred by the statute of limitations? Two portions of the land were sold about four days after redemption.

The third and last piece was sold in September, 1923, the redemption having been made in April, 1923, and a cash payment was then made and a contract for deed executed and delivered. A note accompanied the contract evidencing the amount of the deferred payment. The note was paid February 24, 1924, when the deed was delivered. The action was commenced January 29, 1930. Under the arrangement plaintiff was not entitled to any money from defendant until it had received pay for the land. The contract for deed contained the usual provision that the vendor sold and agreed to convey upon the prompt and full performance on the part of the vendee of his part of the agreement. The deed was not given until February 24, 1924, when the final payment was made on the purchase price. Nor were plaintiff's original notes to the bank surrendered until February, 1925. It conclusively appears from the record that plaintiff was not entitled to demand the payment of the excess until defendant received full payment, and the record will not permit a finding that the bank was paid in full when the note was given with the contract in September, 1923.

Affirmed.

