## ESTHER CARLSON WEST v. SAMUEL KIDD.[1]

November 20, 1931.

No. 28,645.

D. L. Grannis and Kelly & Mangan, for appellant.

W. J. Horrigan, for respondent.

[1] Reported in 239 N. W. 157.

Loring, J.

Defendant had a verdict in an action to recover for injuries suffered in an automobile collision which occurred on July 20, 1930, plaintiff having been at the time a passenger in her husband's car. The trial court submitted to the jury the question of the plaintiff's contributory negligence; but, on motion for a new trial, came to the conclusion that it had erred in so doing, and granted the motion, as stated in its memorandum, solely on the ground of error of law. The defendant has appealed from the order granting the new trial.

In view of the disposition which we make of this case, it is only necessary to say that the collision occurred under such circumstances that there was no evidence to go to the jury on the question of the plaintiff's contributory negligence; and the order granting the new trial must be affirmed unless the record is conclusive that the releases pleaded by the defendant were not obtained by fraud and that they were not without consideration.

After the accident plaintiff and her husband were taken to the hospital at Farmington, Minnesota, where she remained until September 9, 1930. While at the hospital she and her husband executed a release to the defendant of all claims arising out of the injuries received, in consideration of the payment of the sum of $1,762. This release was given on August 6, 1930, and later, at Minneapolis, after her return to her residence in that city, she and her husband executed and delivered a second and supplemental release for the sum of $249.

It is the claim of the plaintiff that so far as she is concerned these releases were executed without consideration, because the items that were taken into consideration in computing the amount paid were all matters which under the law were recoverable by the husband and for which the wife could not have recovered in her own name.

The releases were joint and signed by both the husband and wife, and purported to relieve the defendant from "any and all liability now accrued or hereafter to accrue on account of any and all claims or causes of action which we now or may hereafter have

against said Samuel Kidd, his successors or assigns, in any way arising from any and all injuries, losses and damages by him or his property sustained or received on or about the 20th day of July, 1930, through a collision between two automobiles * * * and we hereby declare that we fully understand the terms of this settlement and that we voluntarily accept said sum for the purpose of making full and final compromise, adjustment and settlement of the injuries and damages above mentioned."

The draft in payment of the consideration for this release was made payable to both the husband and wife and was indorsed by both upon presentation for payment. Plaintiff says she received no part of the proceeds of the draft. It must be borne in mind that the plaintiff and her husband claimed to have a cause of action in tort against the defendant and claimed unliquidated damages on that account. Therefore, even if the plaintiff received no part of the consideration for herself, and even if in arriving at the amount for which the plaintiff and her husband were willing to settle their respective causes of action against the defendant, there were taken into consideration only those items which the husband was entitled to recover under the law, nevertheless, by joining with her husband in releasing both causes of action she obtained for her husband a settlement of the defendant's alleged liability and the defendant suffered a detriment by the payment to her husband, it is not less a consideration sufficient to support the release than would be a benefit running directly to her. Walther v. Briggs, 69 Minn. 98, 71 N. W. 909; Am. Law Inst. Restatement Law of Contract, § 75, p. 87. What has been said in regard to the consideration for the first release also applies to the second.

■ The plaintiff also claims that the releases were obtained from her by fraud and misrepresentation as to the time when she might expect a recovery from her injuries. There is no claim that this was wilful, but that the agent representing the defendant made the misrepresentation believing it to be true. Plaintiff was cared . for by her own doctors, and the statements which the agent made to her were a mere repetition of their views in regard to the time

when the plaintiff would recover. She admits that the contract was read over to her at the time she signed the first release, and there is no intimation that its contents were misrepresented to her. There was no mistake or lack of information on the part of either party as to just what the plaintiff's injuries were; and, if the plaintiff is suffering a longer disability than she expected at the time she made the releases, it is not due to any injury of which she was not aware at the time she entered into the contracts of release. It is a case of unexpected results from known injuries. Mistakes or misrepresentation in forecasting such consequences furnish no sufficient grounds for annulling a release. Althoff v. Torrison, 140 Minn. 8, 11, 167 N. W. 119; Nelson v. C. & N. W. Ry. Co. 111 Minn. 193, 126 N. W. 902, 20 Ann. Cas. 748; Richardson v. C. M. St. P. & P. R. Co. 157 Minn. 474-476, 478, 196 N. W. 643; Fornaro v. Minneapolis St. Ry. Co. 182 Minn. 262, 234 N. W. 300; Dolgner v. The Dayton Co. 182 Minn. 588, 235 N. W. 275, 277.

Although no special question was submitted to the jury, they included in their general verdict for the defendant a special finding that he was not guilty of negligence. In view of the disposition we have made of the case, we do not need to discuss the effect of that special finding.

The order appealed from is reversed.