**Wilton WHORRAL and Betty L. Whorral, Plaintiffs,**

v.

**DREWRYS LIMITED U.S.A., INC., Defendant.**

**Civ. No. 5-1238.**

United States District Court
S. D. Iowa,
Central Division.

Jan. 18, 1963.

---

John L. Butler and Jack Hall (of Lundy, Butler & Wilson), Eldora, Iowa, for plaintiff.

Roger E. Harrison (of Mote, Wilson & Welp), Marshalltown, Iowa, and Robert A. Pfaff, South Bend, Ind., for defendant.

STEPHENSON, Chief Judge.

This matter is before the Court upon the defendant's motion for a summary judgment pursuant to Rule 56. For purposes of this motion the defendant has conceded the following facts, as urged by the plaintiffs, to be true.

In the latter part of November or early part of December of 1960, the parties to this action entered into an oral contract granting to the plaintiffs the exclusive distributorship of the defendant's beer within a specified territory. The contract provided that the contract was not to be terminated by the defendant unless the plaintiffs did something wrong in connection with the distributorship, and in the event that the plaintiffs did do something wrong, defendant would so advise the plaintiffs and give the plaintiffs 30 days in which to correct the wrong. In the event said wrong was corrected within 30 days, the contract was not to be terminated by the defendant even though such notice had been served. There were no arrangements made as to duration of the distributorship or for termination of the distributorship other than as set out above, nor was there any agreement as to quantity or price for the beer to be purchased. The contract had provisions as to employees, trucks to be used, advertising, inventory, prices, shipment and payment. Since none of these have raised issues which are important for the purposes of this motion, they will not be elaborated upon further.

Prior to entering into this contract the plaintiffs had agreed to purchase a beer distributing business for $15,000 and had agreed to enter into a two-year lease for the rental of the real estate on which the business was located, both of these agreements being conditioned upon the plaintiffs being awarded the defendant's distributorship. The defendant knew of these agreements and knew that the defendant's distributorship was essential to the successful operation of the plaintiffs' business. Additionally the defendant was benefited by the plaintiffs' actions because the defendant was not able at that time to get anyone else to distribute its beer.

The issues are clearly defined and have been submitted upon excellent briefs and oral arguments. It is now for the Court to decide the status of the Iowa law [1] as to whether or not there is a binding, enforceable agreement between two parties when at the time of the agreement one party has irrevocably committed itself and the second party is not bound because of a promise to the first party but is in fact presently bound because of his actions. There seems to be ample authority upon which a court could rest. Amongst this authority we see such often used terms as "mutuality of obligation", "terminable at will", "Illusory", "indefinite and uncertain", "detrimental reliance", "promissory estoppel", "executed consideration", "§ 90" and "unilateral contract". But before a display in unnecessary verbiage or useless definition is entered into, let it be repeated that the issue is whether or not there is a legally enforceable agreement, or for the moment to narrow it to one alternative—

[1.] Jurisdiction in this case is based upon diversity of citizenship and is therefore governed by Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

what is the Iowa position on the doctrine of promissory estoppel?

The case of Miller v. Lawlor, 245 Iowa 1144, 66 N.W.2d 267, 48 A.L.R.2d 1058 (1954) is a leading case in Iowa applying the doctrine of promissory estoppel and by reference adopting Section 90 of the Restatement of the Law of Contracts. This case held that an injunction would be available to a purchaser of a home who bought the property from a third person in reliance on the promise of the defendant, an adjoining landowner, that he would not build on his property in such a way as to destroy the plaintiff's view. The test used by the court was that promissory estoppel could be invoked when "an innocent promisee relies, to his disadvantage, upon a promise intended or reasonably calculated to induce action by him." [2]

Section 90, quoted in Miller v. Lawlor, provides:

"A promise which the promisor should reasonably expect to induce action of forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by the enforcement of the promise."

In the matter before us we have such action or forbearance which is of a definite and substantial character; that being the expenditure of $15,000 plus the cost of a two-year lease. Also, for purpose of this motion, it has been agreed that the promise of the defendant induced the action of the plaintiffs. In fact the purchase and lease agreements had already been entered into but conditioned upon the contract now in question.

The defendant in urging its motion for summary judgment has relied most heavily on the cases of Meredith v. John Deere Plow Co., 185 F.2d 481 (8th Cir. 1950), affirming 89 F.Supp. 787 (S.D.

Iowa 1950); Bixby v. Wilson & Co., 196 F.Supp. 889 (N.D.Iowa 1961); E. I. Du Pont De Nemours & Co. v. Claiborne-Reno Co., 64 F.2d 224, 89 A.L.R. 238 (8th Cir.1933) and Lewis v. Minnesota Mut. Life Ins. Co., 240 Iowa 1249, 37 N.W.2d 316 (1949).

The Meredith case has a vital weakness as binding authority in this case. In fact if the purported contract in this case was entered into 20 years ago and the $15,000 were spent at that time, the present litigation would be viewed substantially different. However, here the plaintiff has had only ten months time as distributor to attempt to regain some of the $15,000 investment which he hoped to be able to utilize over an indefinite period of time—a time which the law would hold to be a reasonable time. It is the opinion of the Court that ten months is not a reasonable time under these circumstances. The Court in Lewis recognized the doctrine of promissory estoppel, or "Section 90", but denied its application because in that case the Court felt the injustice was not so substantial as to constitute serious prejudice. The facts in this case warrant a different result.

The Du Pont case relied upon by the defendant goes to lack of mutuality of obligation where there is an executory contract without express consideration. "But this rule does not apply when there is a valuable consideration paid by the one party to the other party who obligates himself to do a certain thing." [3] Here the plaintiff obligated himself to do a certain thing; if not by a promise he did so by an act, the expenditure of $15,000, which would be as effective a binding as a promise coupled with a performance bond.

The Bixby case is one of the many controversial "permanent employment" cases which have been before the courts.[4] It is felt that to deny a promissory estop-

2. 245 Iowa at 1155, 66 N.W.2d at 274.

3. E. I. Du Pont De Nemours & Co. v. Claiborne-Reno Co., 64 F.2d 224, 229, 89 A.L.R. 238 (1933).

4. For a good discussion of the cases in this area and the controversies arising therefrom see Hudson, Contracts in Iowa Revisited—1955-1962, 12 Drake L.Rev. 41, 43-47 (1962); 47 Iowa L.Rev. 725 (1961).

pel defense to the motion now before the court would extend the limitation on promissory estoppel beyond any requirements of the Bixby case. In Bixby the resignation from former employment and the consequent loss of seniority and the benefits that accrue thereto, and in some instances the expense of moving to a different town are the acts of reliance relied upon. In the present case the plaintiff likewise left his former occupation, sold his farm equipment and as an additional factor spent over $15,000 in reliance on the defendant's promise.

The loss of the distributorship of the defendant is admitted as tantamont to driving the plaintiff out of business of distributing beer because of the circumstances existing in and about Marshalltown at that time. It is therefore the opinion of the Court that on the facts as admitted for the purpose of this summary judgment the act of the defendant creates an injustice which is so substantial and prejudicial that the defendant should be estopped from denying that a binding enforceable agreement did exist between the parties, or in the language of the Restatement, the defendant should be bound to the agreement between the parties.

IT IS THEREFORE ORDERED that the motion for summary judgment is denied.