CLAUSEN & SONS, INC., a Minnesota
Corporation, Appellant,

v.

THEO. HAMM BREWING CO., a Minnesota Corporation, Appellee.

No. 19053.

United States Court of Appeals
Eighth Circuit.

May 31, 1968.

Elliot S. Kaplan, of Robins, Davis & Lyons, Minneapolis, Minn., for appellant; M. Arnold Lyons and Sidney Kaplan, on the brief.

Lawrence J. Hayes, of Maun, Hazel, Green, Hayes, Simon & Aretz, St. Paul, Minn., for appellee; Joseph A. Maun and John A. Murray, on the brief.

Before VOGEL, Senior Circuit Judge, LAY, Circuit Judge, and BECKER, District Judge.

LAY, Circuit Judge.

Clausen & Sons brings a suit in two counts against Theo. Hamm Brewing Co. Count I relates to a treble damage action based upon the Sherman Act §§ 1 and 2 (15 U.S.C. §§ 1 and 2) and the Clayton Act, §§ 2 and 3 (15 U.S.C. §§ 13 and 14). Count II, with which we are concerned here, relates to an alleged breach of contract. Hamm sought a summary judgment dismissal of both counts under Fed.R.Civ.P. 56. The trial court overruled defendant's motion as to the antitrust claim but sustained its motion as to Count II. The court certified under Fed.R.Civ.P. 54(b) that there was no just reason for delay of the entry of dismissal on Count II and plaintiff appealed.

We reverse and remand to the district court with directions to reinstate Count II.

Plaintiff alleges that it had been a wholesale distributor of defendant's products since 1911. Clausen states that in 1950 an oral contract was made with Hamm to become an exclusive Hamm's beer distributor for an area defined as Southern Minneapolis and contiguous suburbs. In reliance upon said contract Clausen alleges (1) they discontinued all competitors' products; (2) purchased and maintained inventories, sales, advertising, warehouse space, personnel and facilities as a Hamm's exclusive distributor; (3) that Clausen was to remain the exclusive distributor as long as Clausen performed its undertaking. It is alleged that in April 1963 Hamm terminated its oral agreement.

The trial court sustained Hamm's motion for summary judgment on the ground that the contract pleaded was terminable at will since on its face there existed a "lack of mutuality of obligation."

■ We need not repeat in detail our concern of summary dismissal under Rule 56. If there exists the slightest doubt as to a factual dispute or "genuine issue of fact," summary judgment should be denied. Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); Williams v. Chick, 373 F.2d 330 (8 Cir. 1967); Larsen v. General Motors Corp., 391 F.2d 495, 8 Cir., March 11, 1968.

Hamm does not dispute this rule but nevertheless urges that under the pleadings and Minnesota law there exists no doubt that it is entitled to a summary judgment. We disagree.

"Mutuality of obligation" is only a semantical exercise surrounding the real determinant of a contract, namely, consideration. The Minnesota Supreme Court has acknowledged this:

"Defendant contends that there is such a lack of mutuality that the contract is unenforceable. * * *

"Use of the term 'mutuality' often leads to confusion in that the word may have several meanings in dealing with contracts. As used here, the essence of defendant's argument is that, inasmuch as defendant could not demand that plaintiff deliver any quantity of material or recover damages if he failed to do so under exhibit 1, it must follow that the contract is unenforceable. The rule relied upon by defendant is often stated in the axiom that the promise of both parties is binding or neither is binding.

"*What the argument really amounts to is that the contract is lacking in consideration.*" (Emphasis ours.) Noreen v. Park Construction Co., 255 Minn. 187, 96 N.W.2d 33, 37–38 (1959).

See also Reichert v. Pure Oil Co., 164 Minn. 252, 204 N.W. 882, 884 (1925), discussing mutuality of obligation (consideration) as opposed to mutuality of remedy (a prerequisite for specific performance).

■ Summary dismissal, in view of the allegations of the complaint, in our

**390**

opinion contravenes the spirit of Fed. R.Civ.P. 8. Rule 8(a) prescribes a simplified pleading: "(2) A short and plain statement of the claim showing that the pleader is entitled to relief * * *." The clear purpose of the rule is to give notice to the other party and not to formulate issues or fully summarize the facts involved. See Conley v. Gibson, 355 U.S. 41, 45–48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

But Hamm argues under the facts pleaded that consideration is totally lacking and cannot possibly be proved under the facts alleged. Analysis disputes this.

■ First, Minnesota has long recognized the principle that consideration may be a detriment incurred, and that it is *not* required that consideration pass from the promisee to the promisor to be valid. Ellingson v. State Bank of Hoffman, 182 Minn. 510, 234 N.W. 867, 868 (1931); Home Supply Co. v. Ostrom, 164 Minn. 99, 204 N.W. 647 (1925); West v. Kidd, 184 Minn. 494, 239 N.W. 157, 158 (1931); Estrada v. Hanson, 215 Minn. 353, 10 N.W.2d 223 (1943). The court in Home Supply Co. v. Ostrom, supra, 204 N.W. at 647, stated:

"Even though no consideration passed to the plaintiff at the time of its agreement and waiver of the lien right, yet Lindahl's reliance and action on such waiver should be treated as sufficient consideration. There is a consideration if the promisee, being induced by the agreement, does anything legal which he is not bound to do or refrains from doing anything which he has a right to do—it is sufficient that something valuable flows from him, or that he suffers some prejudice or inconvenience, and that the agreement is the inducement to the transaction."

Thus, Clausen's theory that it *was* obligated to invest substantially in Hamm's advertising, products, sales personnel, buildings, etc. was not considered by the lower court in his opinion. Reliance upon Victor Talking Machine Co. v. Lucker, 128 Minn. 171, 150 N.W. 790 (1915); Hoover v. Perkins Windmill & Axe Co., 41 Minn. 143, 42 N.W. 866 (1889); and especially E. I. DuPont deNemours & Co. v. Claiborne-Reno Co., 64 F.2d 224, 89 A.L.R. 238 (8 Cir. 1933) is of little help. In those cases, the consideration by detrimental reliance was either not alleged or not proved.[1]

■ Secondly, it may be that the trial court upon proof will find sufficient evidence to justify contractual liability by way of promissory estoppel. See Albachten v. Bradley, 212 Minn. 359, 3 N.W.2d 783 (1942); Northern Drug Co. v. Abbett, 205 Minn. 65, 284 N.W. 881, 882, 121 A.L.R. 1349 (1939). Under this theory liability may ensue even if the detriment incurred by one party is not bargained for, if it can be shown that the promisor should reasonably have expected its promise to induce another's detrimental action.[2]

■ Because of the indefiniteness of the duration of Clausen's alleged obliga-

---

1. The *DuPont* case is specifically distinguished by Chief Judge Stephenson, construing Iowa law, in Whorral v. Drewrys Limited U.S.A., Inc., 214 F.Supp. 269, 271 (S.D.Iowa 1963):

"The DuPont case relied upon by the defendant goes to lack of mutuality of obligation where there is an executory contract without express consideration. 'But this rule does not apply when there is a valuable consideration paid by the one party to the other party who obligates himself to do a certain thing.' *Here the plaintiff obligated himself to do a certain thing; if not by a*

*promise he did so by an act, the expenditure of $15,000, which would be as effective a binding as a promise coupled with a performance bond."* (Emphasis ours.)

2. See Restatement, Contracts § 90 (1932):
"A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

tions, the lower court found the contract to be terminable at will.[3] Even assuming the evidence would show an unqualified unilateral right by Clausen to terminate[4] this would not necessarily deprive the agreement of its essential consideration. Minnesota has long recognized the principle that where a contract is supported by valuable consideration (such as a detriment incurred in exchange for a promise, as in the instant case), then a right of one party to terminate it at will does not render it invalid for lack of mutuality. Willgohs v. Buerman, 262 Minn. 415, 115 N.W.2d 59 (1962); cf. McMullan v. Dickinson Co., 63 Minn. 405, 65 N.W. 661 (1896); Newhall v. Journal Printing Co., 105 Minn. 44, 117 N.W. 228, 20 L.R.A.,N.S., 899 (1908). And see the dictum in Reichert v. Pure Oil Co., 164 Minn. 252, 204 N.W. 882 (Minn. 1925).

Thus we feel that under Minnesota law where an exclusive franchise dealer under an implied contract, terminable on notice, has at the instance of a manufacturer or supplier invested his resources and credit in establishment of a costly distribution facility for the supplier's product, and the supplier thereafter unreasonably terminates the contract and dealership without giving the dealer an opportunity to recoup his investment, a claim may be stated. See also 6 Corbin on Contracts, § 1266 l. c. 57–59; Gellhorn, Limitations on Contract Termination Rights—Franchise Cancellations, 57 Duke L.J. 465 (1967). Hamm in effect argues that even if the court can find consideration, plaintiff cannot prove any causal damages. But this is not our concern now. The fact that a plaintiff may have assumed an almost insurmountable burden to prove his alleged claim is a problem often faced by many pleaders. Yet the law must recognize the right to try.

Reversed and remanded with directions to reinstate Count II for a plenary trial.

3. However, a hearing of the evidence may be required to determine whether the alleged contract is in fact terminable at will. A provision which would limit the termination rights of a party may be implied into the bargain under some circumstances. See e. g., Marrinan Medical Supply, Inc. v. Fort Dodge Serum Co., 47 F.2d 458 (8 Cir. 1931) and Minnesota cases cited therein. See also, Skagerberg v. Blandin Paper Co., 197 Minn. 291, 266 N.W. 872 (1936); California Wine Ass'n v. Wisconsin Liquor Co., 20 Wis.2d 110, 121 N.W.2d 308 (1963).

4. Minnesota courts lean towards a liberal construction of any contract, as not being terminable at will. Cf. Miller v. O. B. McClintoch Co., 210 Minn. 152, 297 N.W. 724, 729 (1941). See also Williston on Contracts § 105 (3d ed. 1957).