CHICAGO & NORTHWESTERN RAILWAY COMPANY, Plaintiff,

v.

HOSPERS PACKING COMPANY, INC., Defendant.

No. 72-C-3004-W.

United States District Court,
N. D. Iowa, W. D.

Sept. 11, 1973.

Ray H. Johnson, Jr., and Frank W. Davis, Jr., of Davis, Johnson, Burt & Davis, Des Moines, Iowa, for plaintiff.

Earl T. Klay and Loren J. Veldhuizen, of Klay, Bastemeyer & Veldhuizen, Orange City, Iowa, for defendant.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on plaintiff's unresisted motion for summary judgment, filed July 24, 1973.

This is an action to recover certain freight charges allegedly incurred by defendant between January 8, 1969 and April 22, 1970 for transportation of de-

fendant's products from its plant in Hospers, Iowa, to buyers in Chicago, Illinois. The charges demanded by plaintiff were not paid originally due to alleged billing errors by plaintiff, and defendant's answer denies the existence of any unpaid account, alleging that no undercharge occurred.

In moving for summary judgment under Fed.R.Civ.P. 56, plaintiff relies upon the pleadings, defendant's admissions, answers to interrogatories and the deposition of Lloyd Woudstra, former officer, director, shareholder and employee of defendant Hospers Packing Company and the party now defending this suit.

In order for summary judgment to be properly granted, it must appear that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56. The requirement that no genuine issue be presented has been held by the Eighth Circuit to mean that summary judgment must not be entered unless the movant has shown there is not "the slightest doubt as to a factual dispute," Clausen & Sons, Inc. v. Theo Hamm Brewing Co., 395 F.2d 388, 389 (1968), or that it has a "right . . . to a judgment with such clarity as to leave no room for controversy, and . . . that the plaintiff would not be entitled to recover under any discernible circumstances," Traylor v. Black, Sivalls & Bryson, Inc., 189 F.2d 213, 216 (1951). To support his "slightest doubt" formulation in *Clausen,* one of the leading recent cases taking this view, Judge Lay's opinion cites only one Supreme Court decision, Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). This decision is weak authority for a broad "slightest doubt" test for two reasons: (1) That the Court in *Poller* actually used a "slightest doubt" standard is far from clear. Justice Clark's majority opinion quoted with approval language from Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620,

627, 64 S.Ct. 724, 88 L.Ed. 967 (1944) to the effect that Rule 56(c) authorizes summary judgment "only where . . . it is quite clear what the truth is . . . ." *Poller*, supra, 368 U.S. at 467, 82 S.Ct. at 488. The opinion continues, "We look at the record on summary judgment in the light most favorable to . . . the party opposing the motion . . . ." Id., at 473, 82 S.Ct. at 491. To stretch this language to mean that summary judgment may not be granted where "there exists the slightest doubt as to a factual dispute," *Clausen*, supra, 395 F.2d at 389, distorts *Poller* and derogates from the policies of Rule 56 to promote efficiencies of judicial time, effort and resources and to spare the parties the expense and delay of an unnecessary trial. (2) *Poller* involved a very complicated factual situation sought to be redressed under § 4 of the Clayton Act and §§ 1, 2 of the Sherman Act. The Court said:

> "We believe that summary procedures should be used sparingly in complex antitrust litigation where motive and intent play leading roles, the proof is largely in the hands of the alleged conspirators, and hostile witnesses thicken the plot. It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given their testimony can be appraised." *Poller*, supra, 368 U.S. at 473, 82 S.Ct. 491.

Thus, even admitting *Poller* does state a "slightest doubt" approach, it does so in a context involving complicated facts, numerous witnesses of uncertain reliability and a difficult and protean area of the law.[1] It is not surprising that such a setting should constrict the normal and proper ambit of summary procedures.[2] The instant case is not so constricting.

This "slightest doubt" or "no room for controversy" approach has been the subject of widespread disagreement in the Circuit Courts of Appeal,[3] has been criticized by commentators[4] and was rejected by the Supreme Court in Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The approach employed by the Court there is that the evidence presented is to be construed in favor of the nonmoving party, who is to be given the benefit of all the reasonable doubts and inferences in determining whether a genuine issue exists as to a material fact.

It is clear that this test of the propriety of summary judgment is both better supported by authority and more consonant with the purposes of Rule 56 than the "slightest doubt" standard. This approach is becoming more widely-accepted in recent Circuit Court decisions. 10 C. Wright and A. Miller, Federal Practice and Procedure, § 2725, at 510, and § 2727, nn. 59–60. It avoids the danger inherent in the "slightest doubt" standard, that summary judgment will be rendered unusable in most cases because at least a slight doubt can be developed as to practically all human conduct or communication. DeLuca v. Atlantic Refining Co., 176 F.2d 421, 423 (CA 2 1949), cert. den. 338 U.S. 943, 70 S.Ct. 423, 94 L.Ed. 581. Clark, Special Problems in Drafting and Interpreting Procedural Code and Rules, 3 Vand.L. Rev. 493, 504 (1950). The Eighth Circuit has itself in several cases eschewed

---

1. It should also be noted that summary judgment was only reversed here by a 5–4 margin, over a vigorous dissent.

2. However, the Court subsequently stated in White Motor Co. v. United States, 372 U.S. 253, 83 S.Ct. 696, 9 L.Ed.2d 738 (1963), that "Summary judgments have a place in the antitrust field, as elsewhere . . . .", while reiterating the *Poller* warning against use of summary procedure where motive and intent are major issues.

3. Cf. Arnstein v. Porter, 154 F.2d 464 (C.A.2 1946) and Engl v. Aetna Life Insurance Co., 139 F.2d 469 (C.A.2 1943), for expressions of divergent approaches within a single circuit.

4. See 3 W. Barron & A. Holtzoff, Federal Practice and Procedure, § 1234, at 124–26, (Wright ed., 1958), 10 C. Wright and A. Miller, § 2725, at 508–10 (1973), and Clark, Special Problems in Drafting and Interpreting Procedural Code and Rules, 3 Vand.L. Rev. 493.

the "slightest doubt" standard in favor of the approach which gives the opposing party the benefit of all reasonable doubts and inferences. See U. S. v. Farmers Mutual Insurance Ass'n of Kiron, Iowa, 288 F.2d 560, 562 (1961). McSpadden v. Mullins, 456 F.2d 428, 430 (1972). Bryan v. Aetna Casualty and Surety Co., 381 F.2d 872 (1967). Caylor v. Virden, 217 F.2d 739 (1955). Against this background, the "slightest doubt" test appears as a deviation from this more relaxed but sufficiently careful standard, appropriate only in unusually complex cases like *Poller*, involving witness credibility, motive, intent and complicated facts, or in cases where an issue of substantial public or constitutional importance is presented. In these extraordinary cases it is clearly best to err on the side of caution by employing the "slightest doubt" test because of the unusual difficulty or importance of the decision to be made. The instant case is not such a one, however. Here there are no credibility problems, no intent issues, no conspiracy, and the facts are clear and simple. Of course, the decision is of vital concern to the parties, but its public import is minimal. No constitutional questions are raised. With all reasonable doubts resolved and inferences drawn in favor of the nonmoving defendant here, this matter is ripe for summary judgment.[5]

Defendant contends that Hospers Packing Co., Inc. has been dissolved, and the pretrial stipulation reflects that defendant disputes the court's jurisdiction over the defendant because of its alleged nonexistence. Defendant contends that dissolution was effected either by filing a statement of intent to dissolve with the Secretary of State on June 24, 1970, this being a voluntary dissolution by consent of all stockholders pursuant to Iowa Code § 496A.80, or by the disposition of substantially all of its property and assets on July 2, 1970 under § 496A.76.

■■ These contentions must fail. Iowa Code § 496A.83, Effect of Statement of Intent to Dissolve, provides:

"Upon the filing by the secretary of state of a statement of intent to dissolve, whether by consent of shareholders or by act of the corporation, the corporation shall cease to carry on its business, except insofar as may be necessary for the winding up thereof, *but its corporate existence shall continue until a certificate of dissolution has been issued by the secretary of state or until a decree dissolving the corporation has been entered by a court of competent jurisdiction* as in this chapter provided."

Defendant's answers to plaintiff's interrogatories 4 and 5 show that neither has a certificate of dissolution been issued nor a decree entered ending defendant's corporate existence. Additionally, defendant's answer to plaintiff's interrogatory # 9 shows that defendant's certificate of incorporation has not been cancelled pursuant to § 496A.130, for failure to file an annual report. Finally, § 496A.76 is entirely irrelevant to the issue of dissolution. Therefore, defendant's corporate existence continues. Furthermore, Iowa Code § 496A.102, Survival of Rights and Remedies after Dissolution or Expiration, provides in pertinent part:

"The dissolution of a corporation . . . shall not take away or impair any remedy available to or against such corporation, its directors, officers, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution . . . if action . . . is commenced thereon within two years after the date of such dissolution. . . . Any such action . . . by or against the corporation may be prosecuted or defended by the corporation in its corporate name. . . ."

Even admitting defendant's clearly erroneous contention that filing of the

---

5. Summary judgment has been more frequently used in actions on notes and to collect debts than in any other type of case.

Note, Summary Judgment by Type of Case, 36 Minn.L.Rev. 515 (1952).

statement of intent to dissolve actually effected its dissolution, this action was commenced within the two-year period allowed and is properly maintainable under § 496A.102.

■ Although this order rejects the unreasonably strict "slightest doubt" test, the movant is still held to a stringent standard of showing that there clearly is no genuine issue as to a material fact and that it is entitled to judgment as a matter of law, with all reasonable doubts or ambiguities resolved and reasonable inferences drawn in favor of the opposing party. Employing this standard, the requisite clarity of truth appears here to justify entry of summary judgment for the plaintiff.

■ While it is true that facts asserted by the party opposing the motion are regarded as true if supported by affidavit, Bushie v. Stenocord Corp., 460 F.2d 116 (CA 9 1972), and thus may raise an issue of fact precluding summary judgment, the defendant has not done this here. In the present posture of this case, the plaintiff has met his burden of proof by adducing the highly credible evidence noted above. This shifts the burden of going forward with the evidence to the nonmoving party. Miller and Wright, supra, § 2727. Bauman, A Rationale for Summary Judgment, 33 Ind.L.J. 467, 483–84. Evidence which if uncontroverted at trial would entitle the movant to a directed verdict must be accepted as true on motion for summary judgment, where the opposing party presents no counter evidence. See cases cited in Wright and Miller, supra, § 2727, at 532, n. 73. Rule 56(e) provides that when a motion for summary judgment is made and supported as the rule provides, the opponent may not merely rely on the denials or allegations in his pleadings but must respond as indicated in the rule. Failure to so respond results in the entry of summary judgment, if appropriate, against him.

It appears here, resolving any ambiguities or doubts and drawing any possible inferences in favor of the nonmoving party, that there does not exist a genuine issue as to a material fact. Defendant received Plan II service as it intended.[6] It was erroneously billed for Plan II½ service.[7] Plaintiff discovered its mistake and demanded payment of the unsatisfied account, which defendant refused. Defendant has no valid jurisdictional defense. None of the issues are present in this case which would warrant application of the rigorous "slightest doubt" test for summary judgment. Plaintiff has met its Rule 56 burden of proof and defendant has not, and it is clear that plaintiff is entitled to the recovery claimed.

It is therefore

Ordered

Granted, with interest at 5% from January 18, 1972, to June 30, 1973, and at 7% from July 1, 1973, and costs.

---

6. See deposition of Lloyd Woudstra, pp. 9–12, 15–16, 21, 23–24; plaintiff's requests for admissions 13–20 and defendant's answers thereto.

7. See deposition of Lloyd Woudstra, pp. 26–28; plaintiff's requests for admissions 9, 10 and defendant's answers thereto.