**SOFA GALLERY, INC., Appellant,**

v.

**STRATFORD COMPANY, Appellee.**

No. 87–5489.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1988.

Decided April 12, 1989.

Scott G. Harris, Minneapolis, Minn., for appellant.

Jerome B. Pederson, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN *, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

This case arises out of the abrupt termination of a furniture distributorship. The dealer, Sofa Gallery, Inc., appeals the dis-

---

* Judge McMillian participated at oral argument and voted at conference in favor of the result reached here. However, because of illness he did not vote on the final opinion.

trict court's grant of summary judgment in favor of the manufacturer, Stratford Company. We affirm in part and reverse and remand in part. We affirm the district court's grant of summary judgment on Sofa Gallery's breach of contract due to unreasonable notice claim, as well as its claims of breach of warranty and misrepresentation. We reverse the grant of summary judgment on Sofa Gallery's claim for equitable recoupment; we remand that claim to the district court for further proceedings consistent with this opinion. Finally, we direct the district court to grant leave to Sofa Gallery to amend its complaint for the sole purpose of clarifying its equitable recoupment claim.

## I. BACKGROUND

Sofa Gallery is a furniture retailer located in and incorporated under the laws of Minnesota. Stratford is a division of Mohasco Upholstered Furniture Corporation, a New York corporation in the business of manufacturing and selling furniture. In February 1981 the parties entered into a distributorship relationship whereby Sofa Gallery became a distributor of the Stratford line of furniture. All agreements between the parties were oral and neither party made any commitment regarding the duration of the distributorship arrangement. This was not an exclusive distributorship. Throughout the course of the business relationship, Stratford distributed its product through other dealers and Sofa Gallery sold other competing brands of furniture.

Stratford terminated its relationship with Sofa Gallery by letter dated December 3, 1984. Stratford stated in the letter that it would accept orders from Sofa Gallery until December 14, 1984.

In January 1985 Sofa Gallery brought this suit in state court alleging breach of contract, breach of warranty, and misrepresentation. In its complaint Sofa Gallery alleged that Stratford failed to give reasonable notice of termination of the distributorship so that Sofa Gallery could dispose of its remaining inventory in a reasonable, prudent, and profitable manner; that Stratford breached warranties by delivering unmerchantable goods to Sofa Gallery; and that Stratford misrepresented changes in the design and quality of its product.

Stratford removed the action to federal court on the grounds of diversity of citizenship.[1] Stratford then filed a motion for summary judgment, and at the same time Sofa Gallery moved, for the second time, for leave to amend its complaint. The only material change in Sofa Gallery's proposed amended complaint was its claim for equitable recoupment of its unrecouped investment, particularly in advertising Stratford products.

The district court denied Sofa Gallery's motion to amend its complaint and granted Stratford's motion for summary judgment. Regarding Sofa Gallery's motion to amend its complaint, the district court held that the proposed amended complaint did not set out any new causes of action. The district court noted that "[a] liberal reading of the original complaint would include all of the claims included in the amended complaint, including the claim for recoupment of continuing investment." *Sofa Gallery, Inc. v. Stratford Co.*, No. 3–85–338, slip op. at 3 (D.Minn. Oct. 22, 1987).

On the summary judgment motion, the district court held that (1) Sofa Gallery did not allege damages resulting from unreasonable notice of termination; (2) Sofa Gallery as a matter of law was not entitled to recoupment damages because the distributorship was not an exclusive one; and (3) Sofa Gallery failed to state facts sufficient to support either its breach of warranty or misrepresentation claims.

This appeal followed.

## II. DISCUSSION

### A. Recoupment

Under Minnesota law, distribution contracts having no definite duration are ter-

---

1. Sofa Gallery then filed a motion to amend its complaint to add a claim under the Robinson–Patman Act and to add additional defendants. The district court denied that motion. Sofa Gallery has commenced a second action in the district court raising the Robinson–Patman claim.

minable at will by either party upon reasonable notice to the other. *Benson Coop. Creamery Ass'n v. First District Ass'n.*, 276 Minn. 520, 151 N.W.2d 422, 426 (1967); *Dorso Trailer Sales v. American Body & Trailer*, 372 N.W.2d 412, 414 (Minn.Ct.App. 1985). However, a dealer in such an agreement who is left with unrecouped investments after termination is not without a remedy. In addition to implying a duty to give reasonable notice, under the doctrine of equitable recoupment Minnesota law implies "a reasonable duration * * * in franchise agreements where a dealer has made substantial investments in reliance on the agreement. Reasonableness in such situations is measured by the length of time reasonably necessary for a dealer to recoup its investment." *McGinnis Piano & Organ Co. v. Yamaha Internat'l Corp.*, 480 F.2d 474, 479 (8th Cir.1973) (applying Minnesota law). *See also Ag–Chem Equipment Co. v. Hahn, Inc.*, 480 F.2d 482, 486–87 (8th Cir.1973) (applying Minnesota law); *Clausen & Sons, Inc. v. Theo. Hamm Brewing Co.*, 395 F.2d 388, 391 (8th Cir.1968) (applying Minnesota law).[2] Thus, where a manufacturer terminates a distributorship agreement without cause before the dealer has recouped its investment, the dealer may recover its unrecouped expenditures. In this context, "unrecouped expenditures" refers to the initial or continuing investment reasonably made by the dealer, "reduced to the extent that profits were earned by the distributorship as a fruit of the investment." *Schultz v. Onan Corp.*, 737 F.2d 339, 348 (3d Cir.1984) (applying Minnesota law).

■ In granting Stratford's motion for summary judgment, the district court held that Sofa Gallery is not entitled to recoupment in this case because under Minnesota law the recoupment doctrine is limited to exclusive dealerships. We believe that this was error. We have been unable to locate any Minnesota authority that suggests that the Minnesota courts would limit recoupment damages to exclusive dealerships. And, we anticipate that in light of the underlying policy of the recoupment doctrine of protecting dealers whose distributorships are abruptly terminated before they have recouped investments reasonably made, *see Ag–Chem*, 480 F.2d at 486, the Minnesota courts would view the nonexclusivity of the arrangement only as a factor to be considered in determining the extent of recoupment damages rather than as a circumstance precluding recovery altogether. *See generally* Gellhorn, *Limitations on Contract Termination Rights—Franchise Cancellations*, 1967 Duke L.J. 465, 479–81 (1967) (Professor Gellhorn states that "[t]he time period which provides the dealer a reasonable opportunity [to recoup its expenditures] necessarily varies depending on the significance of the contract relationship to each party and on the potential harm each may suffer from requiring or not enforcing a minimum period." *Id.* at 480).

Thus, we conclude that the district court erred in holding that under Minnesota law recoupment damages are available only in exclusive dealerships.

■ As further justification for its denial of recoupment damages, the district court stated that as a factual matter Sofa Gallery does not have any unrecouped expenditures. The district court believed that the absence of unrecouped expenditures is evidenced by the fact that Sofa Gallery realized profits at all times during its distributorship with Stratford. We disagree.

■ Proof that Sofa Gallery was a profitable enterprise during its arrangement with Stratford does not necessarily mean that it recouped all of its capital investments in Stratford products, especially in light of the fact that Sofa Gallery's balance sheet during those years reflects its sales

---

**2.** We acknowledge that some of the cases relied upon in this opinion with regard to the recoupment issue refer to franchises rather than distributorships. We consider these cases to be relevant even though the business relationship involved in this case was not a franchise under Minnesota law. "The rules for franchises, to the extent that they have been developed outside of an express statutory scheme, should apply equally to distributorships * * *, as both types of agreements involve 'relational contracts' posing the same practical problems." *Cambee's Furniture v. Doughboy Recreational, Inc.*, 825 F.2d 167, 173 n. 10 (8th Cir.1987).

not only on Stratford products but non-Stratford products as well. Thus, summary judgment was improper because a genuine and material factual dispute remains as to whether Sofa Gallery has actually recouped all of its Stratford investments.

■ We also disagree with Stratford's contention that recoupment damages are available only for large, preliminary investments made at the outset of the distributorship. On remand, Sofa Gallery may recover "any unamortized capital expenditures that would have produced future profits * * * had the distributorship continued in existence." *Schultz,* 737 F.2d at 348; *Ag–Chem,* 480 F.2d at 488 (stating that recoupment damages are recoverable for a *"continual* investment made in the establishment and development of the * * * distributorship") (emphasis added). As we noted in *Ag–Chem,* advertising expenses "may under certain circumstances be in the nature of a capital investment" to the extent that they are designed to promote future sales. *Id.* at 490.

Accordingly, we reverse the district court's grant of summary judgment on the recoupment claim and remand that claim to the district court. We hold that under Minnesota law the recoupment doctrine is not limited to exclusive distributorships and that a genuine issue exists in this case as to whether Sofa Gallery has actually recouped its advertising or, possibly, other capital investments.

■ On remand, Sofa Gallery will bear the burden of proving the extent to which its investments have gone unrecouped. And, Sofa Gallery's balance sheet will be relevant in that regard because it cannot recover recoupment damages for any investments on which it has realized a profit over and above operating expenses. *See, e.g., Ag–Chem,* 480 F.2d at 489 (stating that "[t]he existence of substantial profits may very well indicate that the expenditures made by [the dealer] were substantially amortized through the production of realized profits during the operation of the distributorship"). We also note that Sofa Gallery's recovery under the recoupment doctrine is limited to the value of its unre-

couped expenditures; loss of future profits are not recoverable under the doctrine. *See W.K.T. Distributing Co. v. Sharp Electronics Corp.,* 746 F.2d 1333, 1336 (8th Cir.1984) (applying Minnesota law).

### B. Unreasonable Notice

■ Separate from its claim for equitable recoupment, Sofa Gallery claims that Stratford failed to give reasonable notice of its termination of the distributorship. Although the distributorship in this case was terminable at will by either party, under Minnesota law the party who terminates must give the other reasonable notice. "Reasonable notice is that period of time necessary to close out the franchise and minimize losses." *McGinnis,* 480 F.2d at 479. For purposes of ruling on the summary judgment motion, the district court assumed that Stratford's eleven day notice was unreasonable. The district court nevertheless ruled against Sofa Gallery, finding that it essentially sought damages for lost future profits resulting from the termination rather than damages for Stratford's allegedly unreasonable notice.

We agree with the district court that Sofa Gallery is not entitled to recover its lost future profits even if Stratford did breach its duty to give reasonable notice. Sofa Gallery's business arrangement with Stratford was terminable at will and thus, as the district court correctly noted, it "had no legitimate expectation that it should profit from the Stratford line after the termination." *Sofa Gallery,* slip op. at 6. Sofa Gallery was entitled only to notice sufficient to allow it to close out the Stratford product line and minimize its losses. And, we agree with the district court that Sofa Gallery's allegations in this regard are essentially allegations of lost future profits; Sofa Gallery's allegations do not challenge Stratford's failure to give reasonable notice as a denial of the opportunity to close out the Stratford product line and minimize its losses. Accordingly, we hold that the district court's grant of summary judgment on Sofa Gallery's claim of breach

of contract due to unreasonable notice was proper.[3]

### C. Breach of Warranty and Misrepresentation

Sofa Gallery also claims that Stratford breached warranties by delivering inferior and unmerchantable goods and also misrepresented changes that had been made in the quality and design of its products in order to induce Sofa Gallery's continued purchase of Stratford products. The district court granted Stratford's motion for summary judgment on both claims, finding as to each that Sofa Gallery failed to set forth facts sufficient to show that there was a genuine issue for trial. Upon reviewing the record, we agree with the district court's assessment. Accordingly, the district court's grant of summary judgment as to the breach of warranty and misrepresentation claims is affirmed. *See* Fed.R. Civ.P. 56(c) & (e) (stating that when a motion for summary judgment is made the adverse party may not rest upon the mere allegations in his complaint but "must set forth specific facts showing that there is a genuine issue for trial").

### D. Motion to Amend Complaint

■ The district court denied Sofa Gallery's request for leave to amend its complaint in order to clarify its claim for equitable recoupment. The district court believed that the original complaint, liberally construed, adequately raised the recoupment claim and that amendment would be a futile gesture because of its ruling on Stratford's summary judgment motion. Because we reverse the district court's grant of summary judgment on the recoupment claim and are allowing that claim to proceed, we direct the district court to grant Sofa Gallery leave to amend its complaint in order to clarify its recoupment claim.

### III. CONCLUSION

For the foregoing reasons, we remand this case for the limited purpose of allowing Sofa Gallery to proceed with its equitable recoupment claim.[4] We believe that the district court erred in holding that Stratford was entitled to judgment as a matter of law on that claim. We affirm the district court's grant of summary judgment on Sofa Gallery's remaining claims of breach of contract due to unreasonable notice, breach of warranty, and misrepresentation. Finally, we direct the district court to grant Sofa Gallery leave to amend its complaint to clarify its recoupment claim.

---

3. Because we hold that Sofa Gallery has not alleged sufficient facts to support its claim that it suffered damages as a result of Stratford's allegedly unreasonable notice, we need not decide whether, as Stratford argues, this claim is barred by the Minnesota Statute of Frauds.

4. We have not addressed Stratford's argument that Sofa Gallery's claim is barred under principles of accord and satisfaction by virtue of a check paid by Sofa Gallery to Stratford in February 1986 marked "payment in full". We consider this argument to be without merit.